## STATE v. LeROY GLADDEN.

144 N. W. (2d) 779.

August 12, 1966—No. 39,892.

*Hall, Smith, Hedlund, Juster, Forsberg & Feikema* and *Henry H. Feikema,* for appellant.

*Keith Stidd,* City Attorney, and *Sherman Bergstein,* Assistant City Attorney, for respondent.

FRANK T. GALLAGHER, C.

This is an appeal from a judgment of the municipal court of Minneapolis entered on March 24, 1965, convicting the defendant, LeRoy Gladden, of driving while under the influence of alcoholic beverage in violation of Minneapolis Code of Ordinances, § 403.030.

On the evening of March 10, 1964, defendant was arrested by police officers who had observed him travel for about 8 to 10 blocks on 28th Street in Minneapolis. He was taken into custody by the officers and lodged in the city jail on two tab charges — one charging him with careless driving and the other with driving while under the influence of alcoholic beverage. He was subsequently admitted to bail that night.

The next day he appeared in said court without counsel and entered pleas of not guilty to the charges. On March 16, he again appeared before the court with counsel and requested a jury trial on each charge and asked that a formal complaint be issued before the matter was called for trial.

Two formal complaints were issued. On March 26, he again appeared before the court at which time the tab charges were dropped and he was arraigned on a complaint filed March 25, 1964, charging him with careless driving pursuant to Minneapolis Code of Ordinances, § 403.010. The record indicates that defendant's counsel asked the clerk of court to read the careless driving complaint first. The defendant pled guilty to that charge and his counsel moved for sentencing. At this point, the prosecution objected to the motion and moved the court to delay sentence until such time as the charge of driving "under the influence of an alcoholic beverage" was disposed of. The state moved that the defendant be arraigned on the second complaint charging driving under the influence. A special appearance was permitted by the court as to that charge. Counsel for the defendant asserted at that time that Minn. St. 609.035 was applicable in that the defendant had, by his plea of guilty to the charge of careless driving, been convicted of an offense arising out of his conduct occurring at the time and place alleged in the complaint, and that to continue to prosecute him would constitute a violation of §§ 609.035 and 609.04. On December 2, 1964, the court ruled that § 609.035 was inapplicable in the state of the record at that time. The court then ordered the defendant to stand trial for driving while under the influence of an alcoholic beverage. He was tried before a jury as charged and was subsequently found guilty. Thereupon he was sentenced on each charge to pay a fine of $100 or serve a term of 20 days.

It appears to us that the pertinent legal issues here are these: (1) Does Minn. St. 609.035 apply to prosecution and punishment for violation of a municipal traffic ordinance? (2) Does § 609.035 prohibit double prosecution and punishment of a person for careless driving and driving while under the influence of alcoholic beverage where the conduct complained of occurred during the same period of time, at the same place, and as a result of the same error of judgment? (3) Has defendant waived his right to object to his conviction of driving while under the influence of alcoholic beverage?

In City of Bloomington v. Kossow, 269 Minn. 467, 131 N. W. (2d) 206, the defendant was observed driving an automobile about 50 miles an hour on the wrong side of the street in Bloomington. He went through

a red light and hit and broke a telephone pole. The police were called and observed him sitting in his car. Sobriety tests were given him, after which he was placed under arrest for public intoxication. As a result of this occurrence a complaint was filed in the Bloomington municipal court charging him with violation of Minn. St. 169.121, which prohibits driving an automobile while under the influence of intoxicating liquor. On the same day a complaint was filed charging him with being intoxicated in a public place in violation of § 174.01(e) of the Bloomington City Code. Defendant pled guilty to the violation of the ordinance and thereafter moved to dismiss the charge under the statute on the ground that both were offenses within the meaning of § 609.035 or were included crimes within the meaning of § 609.04 and that therefore the conviction of one offense (violation of the ordinance) barred prosecution of the other (violation of the statute). When the motion was denied, a writ of prohibition was obtained from this court. We held there that under both §§ 609.035 and 609.04, conviction under a complaint charging a defendant with being intoxicated in a public place contrary to a municipal ordinance was not a bar to a prosecution under a complaint charging him with driving an automobile while under the influence of intoxicating liquor in violation of a statute. In that case it was not necessary to determine whether a prosecution under a municipal traffic ordinance that comes within the rule of State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813, would bar a subsequent prosecution under a statute for another offense arising out of the same conduct. We left the determination of that question until it was squarely before us.

The question now before us is whether a conviction under a municipal ordinance involving traffic control will bar a subsequent conviction under another municipal traffic ordinance for an offense arising out of the same conduct.

Minn. St. 169.03 provides that local authorities may adopt any traffic regulations which are not in conflict with the provisions of c. 169. We held in State v. Hoben, 256 Minn. 436, 444, 98 N. W. (2d) 813, 818:

"* * * As we interpret § 169.03, it was the intention of the legislature that the application of its provisions should be uniform throughout the state both as to *penalties and procedures, and requires a munici-*

*pality to utilize state criminal procedure in the prosecution of the act covered by § 169.03."* (Italics supplied.)

An act covered by § 169.03 is one forbidden by a traffic ordinance and a statute.

The two Minneapolis ordinances involved in this case are § 403.010, which prohibits careless driving, and § 403.030, which prohibits driving while under the influence of alcoholic beverage. Both subjects are also covered by Minn. St. c. 169 — the former by § 169.13 and the latter by § 169.121. Therefore, the ordinances are within § 169.03 and the rule set out in the Hoben case. Since § 609.035 is a guarantee of a state criminal proceeding, it is applicable to the case now before the court.

It appears to us that our recent case, State v. Johnson, 273 Minn. 394, 141 N. W. (2d) 517, is so close to this case both as to facts and principles of law that it is controlling.

In that case the defendant was arrested and charged with driving over the centerline and driving while under the influence of alcoholic beverage. On arraignment he entered no plea to the charge of driving while under the influence and requested that he be arraigned on the charge of driving over the centerline, to which he pled guilty. His plea was accepted but his motion for sentencing was denied on the grounds that sentencing should be deferred until the charge of driving while under the influence was disposed of. The defendant then moved for dismissal of that charge on the grounds that his conviction on the charge of driving over the centerline prohibited any further prosecution under § 609.035. In the Johnson case we set out this test for determining whether multiple traffic violations result from a single behavioral incident so as to come within § 609.035 (273 Minn. 405, 141 N. W. [2d] 525):

"\* \* \* [V]iolations of two or more traffic statutes result from a single behavioral incident where they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment. \* \* \*

"\* \* \* [D]efendant's infractions occurred during a continuous and

uninterrupted operation of his automobile, which took place within a period of a few minutes and a distance of two blocks. Both offenses manifest an indivisible state of mind. More precisely, they manifest errors of judgment. Defendant's initial error in judgment was that he could or should drive while under the influence of intoxicants. The error in judgment as to where on the roadway he should drive his car was clearly coincident with the initial error to drive after drinking. While in the restricted sense there was more than one 'act,' there can be little doubt that this was a 'single behavioral incident.' The defendant's goal was to drive his car from one point to another, and in so doing, *both his condition and the manner in which he drove were traffic offenses.*" (Italics supplied.)

We held there that upon that state of facts § 609.035 prohibited multiple prosecution and punishment. However, we also held that even though § 609.035 prohibits two separate prosecutions, the protection thus afforded can be waived. We said (273 Minn. 405, 141 N. W. [2d] 525) that the statute was intended to protect an accused from the harassment of serialized prosecutions, "not to allow him a procedural tool for the entrapment of a cooperative judiciary." We also said (273 Minn. 406, 141 N. W. [2d] 526):

"* * * [B]y requesting a special kind of serialized prosecution, the defendant has waived his right to the statutory protection against multiple prosecutions. However, it does not follow that he has waived the protection against multiple punishment, also afforded by the statute, since this prohibition is based upon a distinct policy having a different objective."

The same rule should be applied to the case before us. It is clear that defendant's careless driving and driving while under the influence occurred during a continuous and uninterrupted operation of his car, which took place within a few minutes and 8 blocks. Both offenses manifest the requisite "indivisible state of mind" since defendant's goal was to drive his car from one place to another, and in so doing, both his condition and the manner in which he went about achieving his goal were traffic of-

fenses. Consequently, on its face, defendant's conduct comes within the protection of § 609.035.

However, as in the Johnson case, the defendant here "by requesting a special kind of serialized prosecution" waived his right to the statutory protection against multiple prosecutions but not the protection against multiple punishment also afforded by the statute.

Inasmuch as the court below imposed a separate sentence for each conviction, the case is remanded so that one of the sentences can be vacated.

Affirmed as to the conviction; remanded so that the sentence can be made to conform with this opinion.