STATE v. HOWARD LEE CORNING.

184 N. W. (2d) 603.

February 26, 1971—No. 42899.

*Paul W. Lohmann,* for petitioner.

*Keith M. Stidd,* City Attorney, and *Lewis E. Bloom,* Assistant City Attorney, for respondent.

NELSON, JUSTICE.

The matter involved herein is before this court on a writ of prohibition issued November 16, 1970, staying all further proceedings in the Municipal Court of Hennepin County, in a prosecution against relator, Howard Lee Corning, on a charge of driving while under the influence of alcohol or drugs in violation of Minneapolis Code of Ordinances, § 403.030.

The relevant facts are as follows: On February 14, 1970, at about 7:40 p. m., relator was driving a 1968 white Cadillac automobile, Wisconsin license number T80-025, in the vicinity of 1416 Nicollet Avenue in the city of Minneapolis, when he became involved in a collision with an automobile driven by John R.. Cook. Relator stopped at the scene of the accident but later left without informing Cook of his name, address, and vehicle registration number. Shortly thereafter, Officer Duane Goodmanson of the Minneapolis Police Department arrived on the scene to investigate the accident. Cook informed the officer that his car had been struck by a 1968 Cadillac, Wisconsin license number T80-025, and that the driver had left the scene of the accident without giving Cook any identifying information.

While Officer Goodmanson was still at the scene, Cook pointed out to him a Cadillac, license number T80-025, which at that moment was being driven south on Nicollet Avenue. The officer pursued the Cadillac and observed that it was being driven in an erratic manner and was weaving from lane to lane. The officer stopped the car near the intersection of Grant and First Avenue South, approximately three blocks from the scene of the accident. The Cadillac was being driven by relator. Officer Goodmanson observed that relator was unsteady on his feet, his eyes were bloodshot, his speech was slurred and broken, and that he smelled of an alcoholic beverage. Relator admitted to the officer that he was involved in the accident near 1416 Nicollet Avenue. He was immediately arrested and taken to the police department's traffic interview room where he was given a breathalyzer test.

On March 10, 1970, a formal complaint was issued by the Hennepin County Municipal Court, charging relator in two counts with violation of Minneapolis Code of Ordinances, § 418.010(b), failure of driver to stop and give information at the scene of an accident, and § 403.030, driving under the influence of alcohol or drugs. On March 11, 1970, relator appeared in Hennepin County Municipal Court and entered a plea of not guilty to each count of the complaint. He also moved that both counts be scheduled for trial at the same time and for a jury trial on each count. The motion was denied by the court.

On April 14, 1970, relator was tried on the charge of refusing to stop at the scene of a motor vehicle accident and disclose his name, address, and vehicle registration number. The court found him not guilty of the charge.

Relator, on July 24, 1970, moved for dismissal of the remaining count of the complaint charging him with driving under the influence of alcohol on the grounds that the municipal court lacked personal jurisdiction over him by reason of Minn. St. 609.035. The motion was denied, and on November 16, 1970, this court issued an order prohibiting further proceedings pending the order of this court.

■ The issue before us is whether the conduct charged in the two counts constitutes one behavioral incident so as to come within the purview of § 609.035, prohibiting serialized prosecutions. This statute states:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

Section 609.035 has been applied to violation of municipal traffic ordinances. State v. Gladden, 274 Minn. 533, 144 N. W. (2d) 779.

In interpreting the legislative intent of the statute in light of the comments of the advisory committee on revision of the crimi-

nal law, this court in State v. Johnson, 273 Minn. 394, 141 N. W. (2d) 517, formulated a workable test for determining the scope of application of the protections contemplated by the statute. The court in Johnson stated (273 Minn. 404, 141 N. W. [2d] 525):

"* * * The cases from other jurisdictions and comments of the advisory committee suggest that, apart from the factors of time and place, the essential ingredient of any test is *whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective.* The problem that immediately arises is that this test is phrased in terms of intent, and a characteristic unique to traffic offenses is that intent is not an essential element of the offense. Thus, the test for offenses such as we are faced with in the instant case must necessarily include some substitution for the factors of intent and objective. Where intent is not a factor, it is the singleness of the conduct or behavioral incident itself that must be given the most significance. Subject to the refinements the multitude of possible fact situations may require, it would seem that violations of two or more traffic statutes result from a single behavioral incident where they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment. Under these circumstances, there exists a substantial relationship between the conduct constituting the violations, and the statute prohibits both double punishment and serialized prosecutions."

This test was further qualified in State v. Reiland, 274 Minn. 121, 123, 142 N. W. (2d) 635, 637, in which we said:

"* * * Whether the violations result from a single behavioral incident depends upon the facts and circumstances of each case."

The state contends that the two offenses involved in the complaint did not result from a single behavioral incident, but are the result of two separate and distinct behavioral incidents. It

argues that the present factual situation does not meet the requirements of the test set out in State v. Johnson, *supra,* because relator's failure to provide his name, address, and vehicle registration number occurred when he was stopped at the scene of the accident, and the charge of driving while under the influence of alcohol arose when he was driving his automobile before and after the accident, two instances of conduct which were not continuous and uninterrrupted and which did not occur at substantially the same time. The state further contends that the violations in this case do not manifest an indivisible state of mind or coincident errors of judgment, as required by Johnson and Reiland, because the state of mind or error of judgment which gave rise to relator's driving while under the influence of alcohol was different from his state of mind or error of judgment which gave rise to his failure to provide information at the scene of the accident.

We believe the instant case clearly falls within the rule of State v. Johnson, *supra.* The charge in the first count, failure to leave required information at the scene of the accident, could not have arisen until relator left the scene. The statement of facts demonstrates that relator stopped at the scene but left without giving the information. It seems evident that no violation could occur until relator drove away from the scene of the accident.

After driving away, relator inadvertently or in a state of confusion drove around the block and was again driving past the scene of the accident when Cook pointed out relator's car to Officer Goodmanson and told him that it was the car involved in the accident and that its driver had not left the required information. There was no showing in the complaint that relator, as he drove past the scene of the accident, exhibited any signs of driving under the influence of alcohol. It was only when the police officer pursued relator that the officer observed that relator's car was weaving from lane to lane and was being operated in an erratic manner, giving the police officer probable

cause to stop the car, and, after observing relator's behavior, to arrest him. It is difficult to perceive how the two violations with which relator was charged did not arise out of a continuous and uninterrupted course of conduct.

The state, nevertheless, attempts to compartmentalize and isolate relator's decision to drive while under the influence of alcohol from his decision not to inform the other driver in the accident of relator's name, address, and vehicle registration number, while at the same time arguing that relator was driving under the influence of alcohol before and after the accident. This, the state contends, shows that relator's acts did not manifest an indivisible state of mind or coincident errors of judgment. Assuming arguendo the correctness of the state's premise that relator was under the influence of alcohol, the most logical explanation of the sequence of events and circumstances would seem to be that the influence of alcohol was an important factor which could have caused relator to leave the scene of the accident without providing the necessary information, to confusedly circle the block, and to exhibit signs of erratic driving behavior for which he was subsequently arrested. Contrary to showing isolated or divisible acts, this conduct would seem to be indicative of reasoning ability and actions dulled by alcohol.

Applying the test in State v. Johnson, *supra,* to the facts here, it seems reasonably clear that the two charges did arise from a single behavioral incident. Consequently, we conclude that under the provisions of § 609.035 the acquittal of the separate charge of failure to leave his name, address, and vehicle registration number at the scene of the accident bars prosecution of relator for driving under the influence of alcohol or drugs.

■ Finally, we must add that, unlike the relator in State v. Johnson, *supra,* relator herein moved that both counts of the complaint be prosecuted in one trial. Had not the municipal court denied relator's motion to try both offenses in one prosecution, stating each as separate counts, a procedure expressly authorized by § 609.035, the problem presented in the case at bar would not

be before us. Relator having so moved, he was entitled under the foregoing statute to have the charges stated in separate counts and tried and submitted to a jury in one action. To decide otherwise would be to rule against the basic purpose of § 609.035, which is to "leaven harshness which may result from multiple prosecutions arising out of a single criminal episode." State ex rel. Stangvik v. Tahash, 281 Minn. 353, 361, 161 N. W. (2d) 667, 672.

The writt is accordingly made absolute.