STATE v. HARVEY L. KOOIMAN.

185 N. W. (2d) 534.

March 5, 1971—No. 42809.

*Smith, McRae & Hilligan* and *Tom Hilligan,* for petitioner.

*Alfred C. Schmidt,* Ninth District Prosecutor, for respondent.

ROGOSHESKE, JUSTICE.

The determinative issue raised in this prohibition proceeding is whether, under the facts shown, Minn. St. 609.035 bars a

prosecution of a pending charge of criminal negligence after petitioner has been convicted of drunkenness in violation of § 340.96 when proof that petitioner was under the influence of intoxicating liquor is an important part of the state's proposed case.

The facts are stipulated. On August 5, 1970, at about 9:30 at night, while driving his automobile, petitioner was involved in an accident about 3 miles from Walker, Minnesota, which resulted in the immediate death of one Dale Cotant. County law-enforcement officials arrived at the scene shortly thereafter. A deputy sheriff took petitioner to a hospital at Park Rapids, about 30 miles away, where a blood sample was drawn. He was then returned to Walker, where a state highway patrolman questioned him and charged him in a written complaint with the crime of drunkenness under § 340.96. Following a night in jail, petitioner appeared before a justice of the peace, who released petitioner on bail and continued the arraignment to enable petitioner to consult with an attorney. Before resumption of those proceedings, petitioner was charged in the Municipal Court division of the Cass County probate court on August 7 with felonious operation of a vehicle in a grossly negligent manner while under the influence of intoxicating liquor and failing to keep a proper lookout, thereby causing the death of Dale Cotant. The warrant of arrest, however, was not served on petitioner, who had returned to his home in Edgerton, Minnesota, without knowledge of the second complaint. On August 12, petitioner was convicted of the offense of drunkenness on his plea of guilty. A fine of $40 was imposed, which he paid.

Petitioner then learned of the pending charge of criminal negligence, and the warrant for arrest was served on him on September 11. He moved to dismiss the charge on the grounds that his arrest was illegal because the affidavit alleging probable cause was defective and that § 609.035 barred the prosecution. After oral argument, the trial judge denied petitioner's motions to dismiss. Petitioner then petitioned this court for a writ of pro-

hibition, and on October 6, 1970, we granted review by the issuance of a writ of prohibition.

Section 609.035 provides:

"* * * [I]f a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

Construing this statute in State v. Reiland, 274 Minn. 121, 142 N. W. (2d) 635, we noted with emphasis that any decision interpreting the statute depends upon the facts and circumstances of the case. However, we undertook to formulate a test to determine the statute's probable application. In State v. Johnson, 273 Minn. 394, 404, 141 N. W. (2d) 517, 525, we noted that in cases involving criminal intent the essential ingredient of a test for determining the scope of application of the protections of § 609.035 is *whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective.* However, in traffic cases which do not involve intent, multiple offenses were held to arise out of "a single behavioral incident where they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." 273 Minn. 405, 141 N. W. (2d) 525. Applying that test in the Johnson case, we held that the defendant's conduct in driving while under the influence and driving over the centerline resulted from a single behavioral incident.

In this case we are faced with a different factual situation. The two offenses petitioner has been charged with here, drunkenness and criminal negligence, are not particularly similar to the offenses charged in Johnson. A much closer factual situation arose in State v. Reiland, *supra.* Defendant there was charged with the felony offense of criminal negligence resulting in

death.[1] Prior to that charge, he had been sentenced, upon a plea of guilty, to 30 days in the county jail for driving after revocation of his driver's license in violation of § 171.24. He urged that the double-punishment statute barred subsequent prosecution of the criminal negligence charge, arguing that both offenses arose from the same behavioral incident. Answering that contention, we said it was "not reasonably established that both violations occurred at substantially the same time and place, or even that they arose out of a continuous and uninterrupted course of driving the motor vehicle. We simply [did] not know at which point in time each violation occurred." 274 Minn. 124, 142 N. W. (2d) 638. Thus, we held that the admitted offense and the pending charge did not result from a single behavioral incident.

Similarly, petitioner here was convicted of drunkenness, a continuous and intentional crime, and thereafter charged with the nonintentional crime of criminal negligence. Both offenses occurred during the same night, but not necessarily during a continuous and uninterrupted course of conduct. The case is fundamentally indistinguishable from Reiland and in one respect falls more obviously outside the scope of § 609.035 than did that case: Driving a vehicle is in no way necessary to the offense of drunkenness, but was a necessary element of both offenses in Reiland. Even more clearly here than in that case, we cannot be sure at what point in time the drunkenness offense occurred, since it was a continuing violation whether petitioner was driving or not. Petitioner was quite likely intoxicated at the time he was in-

---

[1] Minn. St. 609.21, apparently the provision under which petitioner here as well as the defendant in Reiland was charged, provides: "Whoever operates a vehicle * * * in a grossly negligent manner and thereby causes the death of a human being not constituting murder or manslaughter is guilty of criminal negligence in the operation of a vehicle resulting in death and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both."

volved in the fatal automobile accident. However, the multiple offenses charged as a result of those two facts, in our view, did not "arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." Petitioner's state of mind and judgment with regard to the admitted offense and the alleged offense were not indivisibly connected. Rather, the two charges are independent of each other except for the approximate unity of time and the possible effect of petitioner's drinking on the quality of his driving. Such a connection is not sufficient to qualify petitioner in this case for the protections afforded by § 609.035. A contrary conclusion would not advance the statutory purpose. Permitting the prosecution of petitioner for criminal negligence does not exaggerate the criminality of his conduct; the state is not trying to "pile on," or serialize a prosecution, or repeatedly prosecute in order to get the sort of punishment it deems appropriate. Neither would the conviction of petitioner for criminal negligence, if he is guilty of that crime, result in punishment disproportionate to the culpability of defendant for his misconduct considered in its entirety.

Petitioner also contends that the affidavit of probable cause for issuance of the complaint and warrant charging him with criminal negligence was insufficient. We need not decide that issue since the state in its brief now concedes that the affidavit is insufficient, and petitioner's motion to dismiss on this ground should be granted.

Writ discharged.