STATE v. MICHAEL F. FINN.

203 N. W. 2d 114.

December 8, 1972—No. 43826.

*Warren Spannaus,* Attorney General, *Kenneth J. Fitzpatrick,* City Attorney, and *A. Keith Hanzel* and *Stephen C. Rathke,* Assistant City Attorneys, for appellant.

*Michael F. Fetsch,* for respondent.

Considered by Knutson, C. J., and Kelly, Murphy, and Schultz, JJ.

Per Curiam.

The state appeals from an order of the St. Paul municipal court which dismissed a charge of reckless driving. The municipal court held that under Minn. St. 609.035 a former conviction for unauthorized use of a motor vehicle barred the prosecution for reckless driving. We affirm.

On December 24, 1971, at approximately 2:10 a.m., defendant took and operated a vehicle without the owner's knowledge or consent. After driving for approximately 2 miles, he noticed a St. Paul police squad car pursuing him. To avoid apprehension, he sped up and drove an additional mile before abandoning the vehicle. He had used the vehicle for approximately 5 minutes.

On February 22, 1972, defendant pleaded guilty to unauthorized use of a motor vehicle in violation of Minn. St. 609.55, subd. 2. Pursuant to the plea, he was convicted and the sentence was stayed. Thereafter, the present prosecution for reckless driving was commenced.

The question presented by this appeal and which is dispositive of any other issue, is whether the defendant's conduct in driving recklessly to avoid police apprehension while using a vehicle without authorization constitutes a single behavioral incident for which a second prosecution is barred by § 609.035. The statute provides:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

In State v. Johnson, 273 Minn. 394, 141 N. W. 2d 517 (1966), we recognized that it was the purpose of this statute to prevent serialized prosecutions and double punishments which tend to exaggerate the criminality of conduct involving multiple offenses. We formulated guidelines for determining if conduct resulting in multiple traffic violations was part of a single behavioral incident. Where intent is not an element of the crime, offenses have a substantial relationship to each other when the offenses occur at substantially the same time and place, arise from a continuous and uninterrupted course of conduct, and manifest an indivisible state of mind or coincident errors of judgment.[1]

---

[1] These cases have held that the two offenses were part of a single behavioral incident: State v. Johnson, 273 Minn. 394, 141 N. W. 2d 517 (1966) (driving while intoxicated and driving over centerline); State v. Gladden, 274 Minn. 533, 144 N. W. 2d 779 (1966) (driving while intoxicated and careless driving); State v. Corning, 289 Minn. 382, 184 N. W. 2d 603 (1971) (driving while intoxicated and leaving scene of accident); State v. Boucher, 286 Minn. 475, 176 N. W. 2d 624 (1970) (reckless driving in different municipalities). The following cases held that the offenses were separate behavioral incidents: State v. Reiland, 274

In the present case the two offenses were committed at substantially the same time and place, occurring within 5 minutes over a distance of 3 miles. In essence, the violations happened simultaneously since the unauthorized use of a motor vehicle is a continuing offense commencing when the vehicle is taken and concluding when it is abandoned. Both violations occurred during the continuous and uninterrupted course of driving. Finally, defendant's improper appropriation of the vehicle, coupled with his reckless driving to avoid police apprehension, evidences an indivisible state of mind to use the vehicle without being held responsible for his unauthorized conduct.

We therefore affirm the dismissal of the reckless driving charge on the grounds that under Minn. St. 609.035 further prosecution is barred because the conduct constituting each offense is a part of a single behavioral incident.

Affirmed.

---

Minn. 121, 142 N. W. 2d 635 (1966) (driving after revocation of license and criminal negligence); State v. Murphy, 277 Minn. 355, 152 N. W. 2d 507 (1967) (drunkenness and unauthorized use of motor vehicle); State v. Kooiman, 289 Minn. 439, 185 N. W. 2d 534 (1971) (drunkenness and criminal negligence).