## STATE v. JOHN RICHARD KRECH.

252 N. W. 2d 269.

April 1, 1977—No. 47038.

*John O. Sonsteng,* County Attorney, and *Thomas F. Van Horn,* Assistant County Attorney, for appellant.

*Ogurak Law Offices* and *David A. Fuith,* for respondent.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

The State of Minnesota appeals from an order of the district court granting defendant's motion to dismiss charges of aggravated assault and obstructing legal process or arrest on the grounds that defendant's prior plea of guilty in county court to petty misdemeanor and misdemeanor offenses precluded prosecution in district court under Minn. St. 609.035 because all of the offenses arose out of a single behavioral incident. This appeal is taken pursuant to Rule 29.03, subd. 1(1), Rules of Criminal Procedure.[1] We affirm.

This appeal presents two issues:

(1) Whether on the facts and circumstances of this case the offenses charged against defendant arose out of a single behavioral incident.

(2) Whether Minn. St. 609.035 bars prosecution for felony and gross misdemeanor charges in district court when defendant has already been convicted upon a plea of guilty to petty misdemeanor and misdemeanor charges in county court arising out of the same behavioral incident when severance of the charges is made by the prosecution.

---

[1] Rule 29.03, subd. 1, Rules of Criminal Procedure provides: "The prosecuting authority may appeal to the Supreme Court:

1. *in any felony or gross misdemeanor case, as of right, from any pretrial order of the district court, and*

2. in any misdemeanor case, only with permission of the Supreme Court, any adverse decision of the district court acting pursuant to Rule 28.07, subd. 4, or any pretrial order of the district court upon a trial de novo.

except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn. Stat. § 631.21." (Italics supplied.)

On January 9, 1976, at approximately 2:16 a. m., the Apple Valley police department received a call from a woman that defendant, John Richard Krech, who appeared to her to be intoxicated, had just walked into her home in Apple Valley and asked for assistance with his car. The woman's husband went out to help defendant. Because her husband was still with defendant, she asked the police to wait until defendant left before investigating.

Approximately 10 minutes later, two Apple Valley police officers arrived in their squad cars and waited nearby at 160th Street and Cedar Avenue. When defendant left, the officers followed the vehicle on 160th Street. As they did, defendant's vehicle was traveling at speeds over 80 miles per hour.

After defendant turned right on Crystal Lake Road, the officers attempted to stop him by turning on the red lights of their squad car. Rather than stopping, however, defendant accelerated. Still following the vehicle, the officers observed it fail to stop for a stop sign and swerve, momentarily, out of control on three occasions.

Finally, at a dead end, the officers attempted to prevent any further movement by defendant by positioning a squad car on each side of the road. One officer then exited his vehicle with his gun drawn. Defendant, who had "fish-tailed" his vehicle into a position facing head-on with the squad cars, suddenly accelerated it toward the officer. The second officer stopped defendant's vehicle by ramming it with his car and forced it away from the officer on foot. The second officer then exited his car, approached defendant's vehicle, and grabbed the handle of the driver's door. Defendant accelerated again, drove over an embankment and down a hill, and came to a stop in a snow bank.

Defendant was placed under arrest for speeding, failure to stop for a stop sign, driving after revocation of his license, driving while under the influence of an alcoholic beverage, driving with a blood alcoholic content over .10 percent, and reckless driving. On the same date, a formal complaint was filed against

defendant charging him with aggravated assault and obstructing legal process.

On January 9, 1976, defendant appeared in county court on all the charges. He was ordered to appear on the felony and gross misdemeanor charges in district court on February 2, 1976.

In county court on January 29, 1976, defendant entered a plea of not guilty to the traffic charges. Several days later, on February 2, 1976, an omnibus hearing was held in district court. A finding of probable cause was made on February 23, 1976, on the aggravated-assault and obstructing-legal-process charges, and a plea of not guilty was entered on defendant's behalf.

Two days later, on February 25, 1976, defendant pled guilty to the traffic charges in county court and was sentenced to 60 days in jail. The sentence was suspended on the condition that defendant be on probation for 1 year and obtain in-patient alcohol treatment.

Thereafter, on April 26, 1976, defendant moved the district court for an order dismissing the aggravated-assault and obstructing-legal-process charges on the basis of Minn. St. 609.035. On July 13, 1976, the district court granted defendant's motion.

■ The first issue presented is whether the charges against defendant arose out of a single behavioral incident and are thus governed by Minn. St. 609.035, which provides:

"* * * if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."[2]

---

[2] An "offense" under § 609.035 includes all violations of municipal ordinances which might result in the penalty of incarceration. State v. White, 300 Minn. 99, 219 N. W. 2d 89 (1974). The petty misdemeanors charged against defendant would not constitute "offenses" within the meaning of this section, Minn. St. 609.02, subd. 4a.

The purpose of the statute is to protect against exaggerating the criminality of a person's conduct and to make both punishment and prosecution commensurate with culpability. See, State v. Johnson, 273 Minn. 394, 141 N. W. 2d 517 (1966). The statute contains two protections. The first is protection against multiple punishment. This is designed to ensure punishment will be commensurate with culpability. The second is protection against serialized prosecution. This protects the defendant from harassment by repeated prosecution for the same conduct until a desired result is reached.

The invocation of both protections depends on the same determination—whether the conduct underlying the multiple offenses was unitary or divisible. The tests to be applied were enunicated in State v. Johnson, *supra*. It sets forth one test for crimes in which criminal intent is an essential element and one for crimes in which criminal intent is not an essential element, such as traffic offenses:

"Upon a consideration of the indications of legislative intent as analyzed above, we are confronted with formulating a workable test for determining the scope of application of the protections contemplated by the statute. It is no easy task. While the objectives are clear enough, the difficulty lies in formulating a test for determining whether each violation charged resulted from a single behavioral incident. Although the case before us, because of the facts, poses no particular problem, any test must give consideration to the vast number of conceivable situations which are likely to arise. The cases from other jurisdictions and comments of the advisory committee suggest that, apart from the factors of time and place, the essential ingredient of any test is *whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective*. The problem that immediately arises is that this test is phrased in terms of intent, and a characteristic unique to traffic offenses is that intent is not an essential element of the offense. Thus, the test for offenses such as we are faced with in the instant case must necessarily

include some substitution for the factors of intent and objective. Where intent is not a factor, it is the singleness of the conduct or behavioral incident itself that must be given the most significance. Subject to the refinements the multitude of possible fact situations may require, it would seem that violations of two or more traffic statutes result from a single behavioral incident where they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment. Under these circumstances, there exists a substantial relationship between the conduct constituting the violations, and the statute prohibits both double punishment and serialized prosecutions." 273 Minn. 404, 141 N. W. 2d 524.

The presence or absence of a single behavioral incident depends on the facts and circumstances of each case. State v. Reiland, 274 Minn. 121, 123, 142 N. W. 2d 635, 637 (1966).

Most cases arising under § 609.035 generally have involved only traffic offenses[3] or only violations which require intent.[4] Only two other cases to date have involved offenses which involved both an intentional offense and a nonintentional offense. See, State v. Kooiman, 289 Minn. 439, 185 N. W. 2d 534 (1971) (nonintentional crime of criminal negligence and intentional crime of drunkenness); State v. Finn, 295 Minn. 520, 203 N. W. 2d 114 (1972) (reckless driving and unauthorized use of a motor

---

[3] See, e. g., State v. Wheat, 296 Minn. 97, 206 N. W. 2d 655 (1973) (driving without valid license and speeding); State v. Corning, 289 Minn. 382, 184 N. W. 2d 603 (1971) (driving while under the influence and hit and run); State v. Gladden, 274 Minn. 533, 144 N. W. 2d 779 (1966) (driving while under the influence and careless driving); State v. Johnson, 273 Minn. 394, 141 N. W. 2d 517 (1966) (driving while under the influence and driving over the centerline).

[4] See, e. g., State v. Prudhomme, 303 Minn. 376, 228 N. W. 2d 243 (1975) (rape, indecent liberties, and assault); State v. Shevchuk, 282 Minn. 182, 163 N. W. 2d 772 (1968) (assault, robbery, and unauthorized use of motor vehicle); State v. Murphy, 277 Minn. 355, 152 N. W. 2d 507 (1967) (drunkenness and unauthorized use of motor vehicle).

vehicle). In each case the court applied the test for nonintentional offenses if a traffic offense was part of the behavioral incident, and required that the offenses "arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." 289 Minn. 443, 185 N. W. 2d 536.

Applying this test to the present facts, it appears that the charges against defendant were the result of a single behavioral incident. The offenses were the result of a continuous course of conduct. They arose at substantially the same time and place. See, State v. Finn, *supra*. Also, it seems apparent that defendant's state of mind evidenced an indivisible purpose devoted to successfully avoiding the police officers. Thus, § 609.035 applies.

■ The county courts have jurisdiction over petty misdemeanors and misdemeanor offenses. Minn. St. 487.18.[5] Under Rule 16, Rules of Criminal Procedure,[6] the district court has jurisdiction over misdemeanors when joined with a felony prosecution.

The petty misdemeanor and misdemeanor charges were brought against defendant in county court while the gross misdemeanor and felony charges were brought against defendant in

---

[5] Minn. St. 487.18 provides: "(a) The county court has jurisdiction to hear, try and determine any charge of violation of

"(1) a criminal law of this state constituting a misdemeanor committed within the county court district; of

"(2) any ordinance, charter provision, rule or regulation of any subdivision of government in the county court district.

"(b) The county court has jurisdiction to conduct preliminary hearings and to exercise all judicial powers incident to preliminary hearing proceedings on the charge of violation of any criminal law committed within the county court district.

"(c) The county court has jurisdiction to hear, try and determine any matter constituting a petty misdemeanor."

[6] Rule 16, Rules of Criminal Procedure, provides: "The district court shall try any misdemeanor offense prosecuted by indictment or which is joined with a felony prosecution pursuant to Minn. Stat. § 609.035. Any such prosecutions shall be governed by these rules."

district court. This choice was made by the prosecution. After defendant pled guilty and was sentenced to the charges in county court, the district court dismissed the charges pending before it on the basis of § 609.035. On appeal the state contends defendant has merely taken advantage of a procedural defect in the county court system and as a result § 609.035 should not be applied to the pending district court matters.

If the prosecution has a problem in this case, it was of its own making. We made it clear in State v. Reiland, 274 Minn. 121, 127, 142 N. W. 2d 635, 639 (1966), that if the state wishes to charge a defendant with more than one offense—one or more a misdemeanor and one or more a felony—it should be done in one prosecution in district court stating each offense as a separate count:

"Finally, we allude to what was said in Johnson—that the problem presented in the case before us could not arise if both of the offenses were included in one prosecution stating each as separate counts, a procedure expressly authorized by the statute. Minn. St. 630.23, rendering indictments charging more than one offense demurrable, makes an exception 'in cases where it is allowed by statute.' It is true that misdemeanor cases are not usually initiated in district court. However, the court does have original jurisdiction and its exclusive jurisdiction is invoked by including the felony charge. Though the problem was not presented or briefed, it would seem that if all offenses were charged as counts, the prosecution could proceed in district court to a determination of the question of guilt of each offense in the same manner as is accomplished where the prosecution is for offenses comprising different degrees. Section 628.14 expressly authorizes included offenses to be charged as counts, and it is not uncommon for one of the lesser degrees charged, or at least submitted for determination upon trial, to be a misdemeanor."

Thus, this case was clearly a prosecutor's error. Both complaints were drawn the same day and were known to the prosecution. Nevertheless it chose to proceed with dual prosecutions—one in each court.

Our result in this case might be different if the prosecution had not been aware of the dual charges and if the defense had not advised the county court of the effect of the acceptance of the guilty plea under that set of conditions.

Affirmed.