STATE of Minnesota, Appellant,

v.

Sheldon Joseph SAILOR, Respondent.

No. 47395.

Supreme Court of Minnesota.

Aug. 5, 1977.

Keith M. Brownell, County Atty., Richard C. Hansen, Reg. Prosecutor, Duluth, for appellant.

Richard P. Holmstrom, Duluth, for respondent.

TODD, Justice.

This is an appeal by the state pursuant to Rule 29.03, Rules of Criminal Procedure, from an order of the district court dismissing a felony charge of unauthorized use on the ground that defendant's prior plea of guilty in county court to misdemeanor offenses of driving while under the influence and driving without a license precluded prosecution in district court under Minn.St. 609.035 because all of the offenses arose out a single behavioral incident. We reverse and remand on the ground that the unauthorized-use charge did not arise out of the same behavioral incident as the misdemeanor charges.

At 11:15 p. m. on Sunday, September 12, 1976, Duluth police, while responding to a report of a possible stolen automobile, observed a 1976 Plymouth Volaré turn into an alley and shut off its lights. The officers pursued the car, and after a short chase the driver, defendant, abandoned the car. Defendant tried to escape on foot but was quickly apprehended. Subsequently it was learned that the car had been taken without permission from a Chrysler-Plymouth dealer's sales lot.

Thereafter, defendant was charged by the city attorney with the two misdemeanors (driving without a license and while intoxicated) and by the county attorney with the felony charge of unauthorized use. Defendant appeared in county court on all these charges on September 14, 1976. The county court set defendant's initial appearance in district court on the felony charge for September 23, 1976, and appointed a felony public defender to represent defendant. Defendant was then arraigned on the misdemeanor charges and he pled not guilty. The court then set a pretrial hearing for both misdemeanor charges for October 6, 1976.

On September 23, 1976, defendant appeared in district court and a date was set for the omnibus hearing. At the omnibus hearing, on October 5, 1976, the district court ruled that there was probable cause and defendant entered a plea of not guilty.

The following day defendant appeared in county court and a misdemeanor public defender was appointed to represent him on the misdemeanor charges at a trial set for November 22, 1976.

On October 26, 1976, defendant filed a notice of the defense of intoxication with the district court and served a copy on the state.

On November 22, 1976, the date set for trial on the misdemeanor charges, defendant appeared in county court and pled guilty to the charges. Defendant's attorney explained to the court that there was a felony charge of unauthorized use pending in district court. The court accepted the plea but stated that it would not sentence defendant until after the felony matter had been disposed of in district court.

On November 30, 1976, defendant's attorney moved to dismiss the felony charge, and on December 1, 1976, the date set for trial, the district court granted the motion.

This appeal by the state raises two issues: (1) Does a defendant's guilty plea in county court to misdemeanor charges prevent the state from continuing a felony prosecution in district court arising from the same behavioral incident? (2) Did the unauthorized-use charge arise out of the same behavioral incident as the misdemeanor charges?

■ 1. The first of these issues is answered affirmatively by our decision in State v. Krech, Minn., 252 N.W.2d 269 (1977). There the misdemeanor charges were prosecuted in county court and the felony and gross misdemeanor charges, which arose out of the same behavioral incident, were prosecuted in district court. The defendant, after pleading not guilty at the omnibus hearing in district court, appeared in county court and pleaded guilty to the misdemeanor charges. Thereafter, he moved to dismiss the gross misdemeanor and felony charges, and the district court granted the motion. We affirmed, saying as follows:

"The county courts have jurisdiction over petty misdemeanors and misdemeanor offenses. Minn.St. 487.18. Under Rule 16, Rules of Criminal Procedure, the district court has jurisdiction over misdemeanors when joined with a felony prosecution.

"The petty misdemeanor and misdemeanor charges were brought against defendant in county court while the gross misdemeanor and felony charges where brought against defendant in district court. This choice was made by the prosecution. After defendant pled guilty and was sentenced to the charges in county court, the district court dismissed the charges pending before it on the basis of § 609.035. On appeal the state contends defendant has merely taken advantage of a procedural defect on the county court system and as a result § 609.035 should not be applied to the pending district court matters.

"If the prosecution has a problem in this case, it was of its own making. We made it clear in State v. Reiland, 274 Minn. 121, 127, 142 N.W.2d 635, 639 (1966), that if the state wishes to charge a defendant with more than one offense—one or more a misdemeanor and one or more a felony—it should be done in one prosecution in district court stating each offense as a separate count:

'Finally, we allude to what was said in Johnson [State v. Johnson, 273 Minn. 394, 141 N.W.2d 517]—that the problem presented in the case before us could not arise if both of the offenses were included in one prosecution stating each as separate counts, a procedure expressly authorized by the statute. Minn.St. 630.23, rendering indictments charging more than one offense demurrable, makes an exception "in cases where it is allowed by statute." It is true that misdemeanor cases are not usually initiated in district court. However, the court does have original jurisdiction and its exclusive jurisdiction is invoked by including the felony charge. Though the problem was not presented or briefed, it would seem that if all offenses were charged as counts, the prosecution could proceed in district court to a determination of the question of guilt of each offense in the same manner as is accomplished where the prosecution is for offenses comprising different degrees. Section 628.14 expressly authorizes included offenses to be charged as counts, and it is not uncommon for one of the lesser degrees charged, or at least submitted for determination upon trial, to be a misdemeanor.'

Thus, this case was clearly a prosecutor's error. Both complaints were drawn the same day and were known to the prosecution. Nevertheless it chose to proceed with dual prosecutions—one in each court.

"Our result in this case might be different if the prosecution had not been aware of the dual charges and if the defense

had not advised the county court of the effect of the acceptance of the guilty plea under that set of conditions." Minn., 252 N.W.2d 273.

If the district court is correct in its conclusion that the charges in this case arose from the same behavioral incident, then this case is indistinguishable from the *Krech* case. The only conceivably relevant difference is that here the county court, while accepting the plea to the misdemeanor offenses, deferred sentencing. Apparently it was the county court's belief that by deferring sentence it could avoid any problem under § 609.035 if it were later determined that the felony charge arose from the same behavioral incident.

With respect to this thinking, it is true that a deferred sentence may be useful when a defendant charged with two different offenses *in a single prosecution* pleads guilty to one of them and not guilty to the other. By deferring sentence in that situation the court can foreclose the possibility of a claim by defendant that trial on the remaining charge would be pointless because, even if convicted, he could not be sentenced on the remaining charge since it arose from the same behavioral incident and § 609.035 prohibits multiple punishment in such cases. *State v. Wheat*, 296 Minn. 97, 206 N.W.2d 655 (1973).

■ While a deferred sentence is a useful tool in the context of a single prosecution and defendant pleads guilty to one of two different offenses, it is of no use in the context of multiple or separate prosecutions. This is because under § 609.02, subd. 5, a defendant stands convicted of an offense once he has pleaded guilty and his plea has been "accepted and recorded" by the court. In other words, once the defendant's plea is accepted and recorded, then defendant has been prosecuted for purposes of § 609.035 and any further prosecutions for offenses arising from the same behavioral incident are barred unless there has been a waiver by defendant of the protection against multiple prosecution. Thus, the deferral of sentencing by the county court in this case did not foreclose defend-

ant's claim that prosecution of the felony charge was barred by § 609.035.

2. This brings us to the question of whether the unauthorized-use charge arose out of the same behavioral incident as the misdemeanor offenses of driving while under the influence and driving without a license to which defendant pleaded guilty. We hold that it did not.

■ Unauthorized use is an intentional crime whereas the two misdemeanor charges are not. Therefore, the test to be applied in determining whether the offenses arose from a single behavioral incident is whether the offense "[arose] out of a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." See, *State v. Krech, supra; State v. Finn,* 295 Minn. 520, 203 N.W.2d 114 (1972); *State v. Kooiman,* 289 Minn. 439, 185 N.W.2d 534 (1971).

In the *Kooiman* case the defendant was convicted of drunkenness, an intentional crime at that time, and thereafter was charged with the nonintentional crime of criminal negligence. We held that defendant's states of mind and judgment were not indivisibly connected and that the two charges were independent of each other except for an approximate unity of time and the possible effect of defendant's drinking on the quality of his driving. A similar case is *State v. Murphy,* 277 Minn. 355, 152 N.W.2d 507 (1967), although in that case the two crimes (intoxication and unauthorized use) were both intentional crimes.

In the *Finn* case the defendant pleaded guilty to unauthorized use, an intentional crime, and thereafter a prosecution for reckless driving was commenced. We affirmed a dismissal of the second prosecution because the two offenses occurred during a continuous and uninterrupted course of driving, and defendant's improper appropriation of the car together with his reckless driving to avoid apprehension evidenced an indivisible state of mind to use his vehicle without being held responsible for its use.

In the *Krech* case the defendant pleaded guilty in county court to a number of mis-

demeanor charges (including driving after revocation, driving while under the influence, and reckless driving) and then moved to dismiss felony charges in district court of aggravated assault and obstructing legal process. Relying on the *Finn* case, we held that the felony charges arose out of the same behavioral incident as the misdemeanor offenses because they were the result of a continuous course of conduct with defendant committing the felonies in order to avoid apprehension on the other charges.

In the instant case the state admits that the violations occurred during a continuous course of driving, as in *Finn*. The difficult part of the test is in determining whether the course of conduct manifests an indivisible state of mind. Although the issue is close, we conclude that the motivations underlying the misdemeanor violations were essentially different from the motivation underlying the offense of unauthorized use, and therefore we hold that the unauthorized-use offense did not arise from the same behavioral incident as the misdemeanor offenses.

Reversed and remanded. Defendant is awarded $150 in attorneys fees pursuant to Rule 29.03, subd. 2(8), Rules of Criminal Procedure.