STATE of Minnesota, Respondent,

v.

Bruce Arnold ANDERSON, Appellant.

No. C3-90-2536.

Court of Appeals of Minnesota.

April 23, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Waldemar B. Senyk, Otter Tail County Atty., David J. Hauser, Asst. County Atty., Fergus Falls, for respondent.

John M. Stuart, State Public Defender, Susan L.-P. Hauge, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

LANSING, Judge.

The trial court denied Bruce Anderson's motion to vacate the second of two consecutive sentences for gross misdemeanor driving violations. The offenses are not a single behavioral incident, and we affirm.

### FACTS

Bruce Anderson pleaded guilty to aggravated driving while under the influence of alcohol (after revocation of his driving license) and fleeing a peace officer. The factual basis for the plea included a citizen report that Anderson, on an eight-hour pass from the Otter Tail county jail, was driving around Fergus Falls intoxicated. Police officers sought and located Anderson's pickup and attempted to apprehend him. After seeing the police, Anderson accelerated and led them on a high-speed chase before abandoning the pickup in an alley.

The trial court sentenced Anderson to two consecutive one-year jail terms. The first sentence was concurrent with a burglary sentence Anderson was serving at the time of the offense. Execution of the second sentence was contingent on Anderson's progress on his alcohol dependency problem. Anderson failed to comply with the conditions of his sobriety program, and the court declined to stay the second sentence. The trial court denied Anderson's motion to vacate one of the consecutive sentences as violating the statutory requirement that a single behavioral incident must be confined to one punishment, and Anderson appeals.

### ISSUE

Are Anderson's convictions for aggravated driving and fleeing a peace officer based on the same behavioral incident?

### ANALYSIS

To insure that punishment not exceed culpability, Minnesota law prohibits multiple sentencing for two or more offenses that were committed as part of a single

behavioral incident. *See State v. Johnson,* 273 Minn. 394, 397–99, 141 N.W.2d 517, 521–22 (1966); Minn.Stat. § 609.035 (Supp. 1989). Section 609.035 provides, in part:

> [I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them.

To determine whether multiple convictions stem from a single behavioral incident, Minnesota courts compare, among other factors, the degree of intent required as an element of each crime. *See State v. Krech,* 312 Minn. 461, 465–66, 252 N.W.2d 269, 272–73 (1977). The crime of fleeing a peace officer requires a specific intent to attempt to elude the officer. *See* Minn. Stat. § 609.487, subd. 3 (Supp.1989). Anderson's second offense, driving while under the influence of alcohol, after revocation of driving privileges, requires only a general intent to do the act. *See* Minn. Stat. § 169.129 (Supp.1989). When the intent requirements of the offenses differ, the analysis focuses on whether the *conduct* was "continuous and uninterrupted * * *, manifesting an indivisible state of mind or coincident errors of judgment," in order to constitute a single behavioral incident. *Krech* at 466–67, 252 N.W.2d at 273 (citation omitted).

Anderson's offenses both rest on his driving conduct over an uninterrupted time period. But the commonality of that element does not automatically trigger the single act prohibition of section 609.035 if the actions do not manifest an indivisible state of mind or coincident errors of judgment. *See State v. Reiland,* 274 Minn. 121, 123, 142 N.W.2d 635, 637 (1966). We agree with the trial court's conclusion that Anderson's decisions to drive and to flee were not contemporaneous. His driving preceded the police officers' attempts to stop his car and preceded his attempts to evade the officers' apprehension. The ideation and behavior for each offense is distinct and manifests separate errors of judgment.

We are not persuaded that *State v. Boley,* 299 N.W.2d 924 (Minn.1980) requires a contrary result. In holding that the offenses of burglary and fleeing a police officer constituted the same behavioral incident, the supreme court emphasized that the escape from custody occurred at the scene and within moments of the burglary. *Id.* at 926 n. 1. The intent to flee is nearly always present and contemporaneous with a plan of burglary. The behavioral acts in this case are not as inextricably connected as those in *Boley. See Reiland,* 274 Minn. at 123, 142 N.W.2d at 637 (each analysis under section 609.035 is fact specific and must be individually analyzed).

We also observe that in vacating the burglary sentence in *Boley,* the court stressed that the sentence Boley received for his attempted escape was longer than that which he would have received for the burglary itself. *Boley,* 299 N.W.2d at 926 n. 1. As the trial court observed, Anderson's sentences are equal, and vacating the one for flight would eliminate any deterrent against attempts to escape. Unlike the penalty for burglary which logically includes the penalty for flight, aggravated driving while under the influence of alcohol does not logically include a penalty for fleeing a peace officer. We do not believe that the *Boley* court or the legislature intended, on these facts, to eliminate the penalty for either offense.

## DECISION

Anderson's offenses did not arise from a single behavioral incident. Because imposing consecutive sentences for these distinct offenses does not exaggerate the criminality of Anderson's conduct, the trial court's denial of his motion to vacate was appropriate.

Affirmed.