**STATE of Minnesota, Respondent,**

v.

**James Darrell GIBSON, Appellant.**

**No. C1–91–1332.**

Court of Appeals of Minnesota.

Oct. 15, 1991.

Review Granted Nov. 19, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Scott A. Hersey, Isanti County Atty., Cambridge, for respondent.

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by NORTON, P.J., and LANSING and SHORT, JJ.

## OPINION

LANSING, Judge.

The trial court imposed separate sentences for criminal vehicular operation resulting in injury and felony failure to notify police of a personal injury accident. The offenses do not arise from a single behavioral incident. We affirm.

## FACTS

James Gibson, driving while under the influence of alcohol, seriously injured another driver in a collision. Gibson fled the accident scene on foot, broke into a nearby farmhouse, and called his girlfriend to come pick him up. The police apprehended him as he attempted to enter his girlfriend's car.

Gibson pleaded guilty to criminal vehicular operation resulting in injury, Minn. Stat. § 609.21, subd. 2 (1990), and felony failure to notify police of a personal injury accident, Minn.Stat. § 169.09, subd. 6 (1990). The district court sentenced Gibson to 23 months, stayed, for criminal vehicular operation and reserved sentencing on the failure to notify police of a personal injury accident.

After Gibson was arrested on new charges nine months later, the trial court imposed a 15–month stayed sentence for the failure to notify conviction. Sentencing on the failure to notify offense increased Gibson's criminal history score, allowing for a longer sentence on the new conviction. Gibson challenges the sentence on the failure to notify as violating Minn.Stat. § 609.035 (1990), which provides that only one sentence may be imposed for offenses arising from a single behavioral incident.

## ISSUE

Are Gibson's convictions for criminal vehicular operation and felony failure to notify police of a personal injury accident based on the same behavioral incident?

## ANALYSIS

Minnesota law provides that only one sentence may be imposed for offenses that arise out of the same behavioral incident. Minn.Stat. § 609.035. The statute's purpose is to make punishment commensurate with culpability. *See State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966).

The Minnesota courts have developed two tests to determine whether multiple offenses arise from the same behavioral incident. The degree of intent involved in

the offenses determines which test applies. *See State v. Krech*, 312 Minn. 461, 465, 252 N.W.2d 269, 272 (1977). When one or both offenses do not require specific intent, as in this case, multiple offenses are part of the same behavioral incident if they

> arise out a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment.

*Id.* at 467, 252 N.W.2d at 269 (quoting *State v. Kooiman*, 289 Minn. 439, 443, 185 N.W.2d 534, 536 (1971)).

We agree with the trial court's conclusion that Gibson's offenses did not arise out of the same behavioral incident. Although the accident and Gibson's flight from the scene may have occurred at substantially the same time and place, his second offense did not terminate when he fled the scene. After fleeing the scene, Gibson travelled on foot to a farmhouse which he then entered illegally. Once inside, Gibson used the phone to call his girlfriend rather than to summon aid for the injured man he had abandoned at the accident scene. We cannot conclude that Gibson manifested the same error of judgment in his driving behavior and in failing to summon help for his victim after leaving the scene of the accident and getting use of a phone. The two acts are separated by time and place, and do not exhibit an indivisible state of mind. *See State v. Anderson*, 468 N.W.2d 345 (Minn.App.1991).

The facts of *State v. Corning*, 289 Minn. 382, 184 N.W.2d 603 (1971), although similar, do not persuade us that this case requires a similar result. In *Corning*, the supreme court held that the offenses of driving while under the influence and leaving the scene of an accident arose from the same behavioral incident. *Id.* 184 N.W.2d at 607. Corning's primary offense in leaving the scene was failing to leave the required information with the other driver, an error of judgment actually occurring at the accident scene. *Id.* at 387, 184 N.W.2d at 605. He then continued to drive around the area of the accident. In this case, more time and action separates the errors of judgment. While walking to the farmhouse, breaking in, and using the phone, Gibson had plenty of time to reflect before making the phone call.

Additionally, the *Corning* decision was influenced by the court's disapproval of the serialized prosecution resulting from the trial court's refusal to consolidate the charges for trial. *See id.* at 387–88, 184 N.W.2d at 607. That consideration does not apply here.

Appellant presents cogent arguments in support of his position. However, the analysis of each case depends on its particular facts. *State v. Reiland*, 274 Minn. 121, 123, 142 N.W.2d 635, 639 (1966). Under this fact situation, we conclude that the offenses did not arise from the same behavioral incident.

## DECISION

Gibson's offenses did not arise from the same behavioral incident. The trial court correctly imposed separate sentences for Gibson's offenses.

Affirmed.