**STATE of Minnesota, Respondent,**

v.

**Thomas Lee JETER, Appellant.**

No. C3–96–1142.

Court of Appeals of Minnesota.

Jan. 21, 1997.

Hubert H. Humphrey, III, Attorney General, St. Paul; Ross E. Arneson, Blue Earth County Attorney, Mankato, for respondent.

Lawrence Hammerling, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., TOUSSAINT, C.J. and DAVIES, J.

## OPINION

RANDALL, Judge.

The state charged Thomas Lee Jeter with gross misdemeanor obstructing legal process in violation of Minn.Stat. § 609.50, subds. 1 and 2 (1996), and misdemeanor giving false information to a police officer in violation of Minn.Stat. § 609.506, subd. 1 (1996). The state reduced the obstructing legal process count to a misdemeanor instead of a gross misdemeanor in exchange for Jeter pleading guilty to both counts. The district court sentenced Jeter to two consecutive 90–day sentences—first, for obstructing legal process, and second, for giving false information to a police officer. On appeal, Jeter argues that Minn.Stat. § 609.035 bars sentencing for both violations because they arose out of the same conduct at the same time and place, and were motivated by the same criminal objective.

## FACTS

On March 8, 1996, police officer Melissa Myers and Commander Sandi Schnorberg attempted to execute an arrest warrant against appellant Thomas Jeter. The officers went to a house where they believed they would find Jeter. When they arrived at the house, they asked the person who answered the door to summon Jeter. Jeter came to the door, and confirmed to the police that he was Thomas Jeter. Officer Myers informed Jeter that she had a warrant for his arrest and asked him for his middle name. Jeter responded that his middle name was Lee. When asked for his birth date, Jeter began to laugh, saying that he was in fact not Thomas Jeter, but that his name was Thomas Lee Hoyer.

Jeter then moved away from the officers, onto a porch leading into the house, and yelled for the occupants of the house to open the door. Commander Schnorberg told Jeter to accompany him without a fight, but Jeter pulled away. The officers tried to stop Jeter by grabbing him. Jeter continued to pull away, and the officers forced him to the ground, where he resisted handcuffs until the officers succeeded in placing them on him.

The officers later found a Minnesota I.D. card identifying Jeter as Thomas Jeter, and Jeter admitted that Thomas Jeter was his real name. The state charged Jeter with obstructing legal process and giving false information to a police officer. Jeter pleaded guilty to both charges, and received two consecutive 90–day sentences, with 85 days of the obstruction sentence and 80 days of the false information sentence suspended during a one year probationary period. Jeter has served 12 days of these sentences in jail.

## ISSUE

Did the district court err in finding Jeter punishable under both Minn.Stat. § 609.50 and § 609.506?

## ANALYSIS

Where the parties do not dispute the material facts, a reviewing court need not defer to the district court's application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Here, the parties do not dispute the material facts. Accordingly, this court reviews the district court decision de novo.

If a person's conduct constitutes more than one offense under Minnesota law, the person may be punished for only one of

the offenses. Minn.Stat. § 609.035, subd. 1 (1996). In determining whether section 609.035 bars prosecution and punishment for multiple offenses, appellate courts must ascertain whether the offenses were based on a single behavioral incident or, rather, divisible conduct. *Mercer v. State*, 290 N.W.2d 623, 626 (Minn.1980). This determination turns on the facts and circumstances of each case. *State v. Krech*, 312 Minn. 461, 466, 252 N.W.2d 269, 273 (1977). Courts analyzing a defendant's actions under section 609.035 consider whether the acts giving rise to the multiple charges occurred at the same time and place and for the same criminal objective. *State v. Banks*, 331 N.W.2d 491, 493 (Minn.1983).

 Here, Jeter gave a false name to the police and just moments later physically resisted arrest. Both acts occurred in the same place on the same property—Jeter lied about his name near the doorway, and resisted arrest on the porch. Jeter could have performed either of the acts charged without the other. But divisibility of conduct under section 609.035 depends on divisibility of the defendant's state of mind, not separability of his actions. *Krech*, 312 Minn. at 465, 252 N.W.2d at 272–73. Here, both acts were motivated by the single indivisible desire to avoid arrest.

This case is distinguishable from *State v. Fischer*. *State v. Fischer*, 354 N.W.2d 29, 32 (Minn.App.1984), *review denied* (Minn. Dec. 20, 1984). In *Fischer*, the defendant "swung and hit" one of his arresting officers. *Id.* The officers restrained, eventually calmed down, and temporarily **released** the defendant. *Id.* The defendant "**later** became upset again and reached out with his fists clenched," at which time the officers handcuffed the defendant and carried him away, "kicking and struggling." *Id.* This court, while recognizing that the case presented "a close question," affirmed the district court imposition of sentences for both assault and obstructing justice. *Id.* at 35. The court found multiple punishment permissible on the grounds that **adequate time** separated both acts and, most importantly, the assault and obstruction resulted from separate motivations. *Id.*

The facts in this case support only a finding of unitary conduct. The crimes charged arose from the same motivation. Jeter gave false information and resisted apprehension to avoid arrest. Unlike *Fischer*, there is no break in the time frame, no conclusion of one criminal act, and then later on a fresh start, and a completion of another. Consideration of traditional time, place, and criminal purpose factors persuades us the district court should not have sentenced Jeter separately for each count.

 Jeter's full sentence has been served. The effect of our decision is to vacate Jeter's second sentence for giving false information to a police officer. His future criminal history score may show two counts, but it can only show one executed sentence.

## DECISION

**Reversed.**