## STATE v. NADINE WHEAT.

206 N. W. 2d 655.

April 13, 1973—No. 43937.

---

*Warren Spannaus,* Attorney General, *Kenneth J. Fitzpatrick,* City Attorney, and *A. Keith Hanzel* and *Stephen C. Rathke,* Assistant City Attorneys, for appellant.

*James T. Hankes,* Legal Assistance of Ramsey County, for respondent.

PER CURIAM.

The state appeals from an order of the St. Paul municipal court dismissing a speeding charge against defendant on the ground that Minn. St. 609.035, which deals with the problem of multiple prosecution and punishment of unitary criminal conduct, barred the prosecution. We reverse.

Defendant was arraigned in St. Paul municipal court on charges of operating a motor vehicle without a license, Minn. St. 171.02, and speeding, Minn. St. 169.14. Defendant, without aid of counsel, pled guilty to operating without a license. The judge, after accepting the plea, sentenced defendant to a fine of $40 or 4 days in jail.[1] Defendant pled not guilty to the remaining charge.

Defendant, represented by counsel, appeared for trial on the speeding charge before a different judge and, relying on Minn. St. 609.035, moved to dismiss. The state stipulated to the fact that the acts with which defendant had been charged occurred

---

[1] When a defendant charged with two different offenses in a single prosecution pleads guilty to one of them and not guilty to the other, the judge should consider deferring sentencing on the one charge pending disposition of the remaining charge. See, State v. Johnson, 273 Minn. 394, 141 N. W. 2d 517 (1966). Otherwise, the judge who tries the remaining charge against defendant may be faced with the type of contention which defendant made here, that trial on the remaining charge would be useless because even if convicted he could not be sentenced on that charge since it arose from the same behavioral incident as the charge to which he pled guilty and since Minn. St. 609.035 prohibits multiple punishment in such cases.

at the same time and place. The court granted defendant's motion and dismissed the speeding charge.

We hold that the judge erred in granting the motion to dismiss. In State v. Reiland, 274 Minn. 121, 142 N. W. 2d 635 (1966), we held that the conduct constituting the offense of driving after revocation was separate and distinct from the conduct constituting the offense of criminal negligence, and, therefore, that a conviction for driving after revocation did not bar a subsequent prosecution for criminal negligence even though the offenses occurred at the same time and place. That case controls our disposition of the instant case.

Reversed.