In the Matter of the Welfare of Reynaldo CASTILLO.

No. 50235.

Supreme Court of Minnesota.

June 13, 1980.

William Gatton, Legal Assistance of Ramsey County, Inc., St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Heard before OTIS, YETKA, and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

Three traffic citations were issued to Reynaldo Castillo, a juvenile, on August 31, 1978, for driving without a license, operating a motorcycle without a helmet, and operating a motor vehicle without registration. It was determined that the motorcy-cle he was riding had been stolen. A delinquency petition, alleging Castillo's unauthorized use of a motor vehicle, was filed on September 13 in the Juvenile Division of Ramsey County Court. Castillo entered a denial to the charge at an appearance on October 4. The matter was continued for pretrial conference on November 9, 1978.

On October 17, 1978, Castillo appeared in juvenile court for arraignment on the three traffic charges. He admitted all three of the charges. The court accepted the pleas and deferred final disposition on the violations to November 9, 1978, the date of the pretrial conference on the unauthorized use charge.

On November 9, Castillo appeared in juvenile court for the pretrial conference. His counsel moved for dismissal of the unauthorized use charge on the ground that prosecution of the offense was barred by Minn.Stat. § 609.035 (1978). A hearing on this motion was held on November 20, and the Ramsey County Juvenile Court denied Castillo's motion to dismiss. The charge of unauthorized use of a motor vehicle was tried on March 2, 1979. The court sustained the charge and adjudicated Castillo delinquent. Castillo appeals, claiming that the prosecution for unauthorized use was barred by Minn.Stat. § 609.035 (1978). We reverse.

The following issues are presented in this case:

(1) Is the prosecution of appellant for the offense of unauthorized use of a motor vehicle barred by Minn.Stat. § 609.035 (1978) because appellant had previously admitted to the charge of operating a motor vehicle without registration?

(2) Did appellant waive his right to protection against serialized prosecution?

1. The field of juvenile law and procedure is rapidly changing statutorily. For instance, as of now, some traffic offenses may be handled in adult court, while it is conceivable that part of the same behavioral incident may be kept in juvenile court

because of recent statutory enactments.[1] The statutory philosophy that a juvenile court proceeding is not a criminal proceeding and may be conducted in an informal manner has been clearly expressed. We therefore do not intend by this discussion and opinion to rigidly apply the rules of adult criminal procedure to the juvenile courts.[2] Since the juvenile court is a statutory court and is only in existence through legislative authority, statutes in this field should be carefully analyzed and followed. With this in mind, we may in certain instances follow the criminal rules when they present example and advice. When, as in this specific factual situation, all the proceedings are taking place in one court and the issue is serialized prosecution—a familiar concern no matter where it occurs—we can apply the Rules of Criminal Procedure advantageously and consistently with legislative philosophy.

Minn.Stat. § 609.035 (1978) protects criminal defendants from serialized prosecution and punishment. The statute provides:

> Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

Castillo claims that because he was arraigned separately on the traffic violations and on the charge of unauthorized use of a motor vehicle, and because he pleaded guilty to the traffic violations, the state is therefore barred by § 609.035 from prosecuting him for unauthorized use of a motor vehicle.

We have held that a plea of guilty by a defendant is a conviction for purposes of § 609.035 and bars any further prosecutions for offenses arising from the same behavioral incident. *State v. Sailor*, 257 N.W.2d 349, 352 (Minn.1977). Section 609.035 has

also been held applicable in cases in which the court accepted a guilty plea to one charge but deferred sentencing on the offense until after the defendant had been prosecuted on a second charge stemming from the same incident. Although the deferral of sentencing may satisfy the prohibition against serialized punishment, it still constitutes serialized prosecution.

■ In the instant case, both parties agree that the charges of unauthorized use and lack of registration arose out of a continuing and uninterrupted course of conduct by Castillo. Therefore, the sole issue to be decided is whether the two offenses manifest an indivisible state of mind or coincident errors of judgment. In our opinion, Castillo's state of mind for driving without proper registration and for unauthorized use are indistinguishable and indivisible.

Castillo stated that he suspected that the motorcycle was stolen. He had purchased the bike on the street for cash. The bike's ignition was punched out, and the seller failed to deliver title papers to the motorcycle as he had promised. It would have been impossible for Castillo to properly register the motorcycle without any evidence of ownership, and an attempt to do so would probably have brought to light the fact that it was stolen. While it is difficult to determine to a mathematical certainty what the state of mind of a defendant was when he committed several offenses simultaneously, it is more plausible in this case to conclude that Castillo's motive for not registering the motorcycle was to escape detection of possible unauthorized use than to conclude that Castillo wanted to avoid paying taxes on the motorcycle, as the state argues.

Therefore, it is the opinion of this court that because Castillo pleaded guilty to the charge of operating a motor vehicle without registration, and because this offense and the offense of unauthorized use arose out of

---

1. . *See*, 1980 Minn.Laws, ch. 580.

2. It should be noted that pursuant to 1980 Minn.Laws, ch. 580 § 20 the Supreme Court is currently in the process of promulgating rules of juvenile court procedure.

a single behavioral incident, the state is barred from separately prosecuting Castillo for unauthorized use. Furthermore, it seems of little use to prosecute further, since the juvenile court already has the needed jurisdiction for adequate supervision of Castillo.

2. The state argues that even if prosecution of Castillo for unauthorized use would otherwise be barred, Castillo waived the statutory protection by accepting the court's jurisdiction over him for the unauthorized use charge, knowing that traffic charges pending against him from the same incident were not included in the first proceeding. The state claims that Castillo misled the court into believing that he accepted trial on the merits on the unauthorized use charge, and that a defendant should have to notify the prosecution beforehand if he intends to assert a claim to protection against serialized prosecution.

██ This court has never held that a defendant waives his protection against serialized prosecution by failing to state at the outset that he might claim this protection. Rather, if the prosecution chooses to proceed in a serial fashion, it accepts the risk that a defendant may lawfully claim the protection against serialized prosecution. We therefore hold that Castillo did not waive his right to protection against serialized prosecution.

For these reasons we reverse the decision of the trial court.