CITY OF MOORHEAD, petitioner, Appellant,

v.

Robert John MILLER, Respondent.

No. 50820.

Supreme Court of Minnesota.

July 3, 1980.

Kenneth J. Kludt, Moorhead, for petitioner, appellant.

Lamb, Schaefer, McNair & Larson and Bruce H. Carlson, Moorhead, for respondent.

KELLY, Justice.

This appeal by the state, with leave of court, from an order of a three-judge appellate panel reversing a conviction for driving while under the influence, raises issues concerning the application of Minn.Stat. § 609.-035 (1978), which generally prohibits multiple sentencing for, or serialized prosecution of, multiple crimes arising from a single course of conduct.

Defendant was charged in a single prosecution[1] in county court with simultaneous violation of the open bottle law and with the prohibition against driving while under the influence. Unrepresented by counsel, defendant pleaded guilty to the open bottle offense but not guilty to the charge of driving while under the influence. The trial court sentenced defendant on the open bottle violation and denied defendant's subsequent motion to dismiss the prosecution of the remaining charge as being in violation of § 609.035. On the basis of stipulated facts the trial court found defendant guilty of the remaining charge but deferred sentencing defendant pending the outcome of an expected appeal. The district court, reversing the conviction of driving while under the influence, held that the two offenses arose from the same behavioral incident and that therefore defendant could not be prosecuted for or sentenced for driving while under the influence.

Minn.Stat. § 609.035 (1978), reads as follows:

> Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

In traffic cases such as this one the appropriate test in determining whether offenses arose from the same behavioral incident is whether the offenses "[arose] out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." *State v. Johnson*, 273 Minn. 394, 405, 141 N.W.2d 517, 525 (1966). This test is not a mechanistic test which makes application of

---

1. This fact distinguishes this case from cases such as *State v. Krech*, 252 N.W.2d 269 (Minn. 1977), and *State v. Reiland*, 274 Minn. 121, 142 N.W.2d 635 (1966).

the statute easy. In each case the court must examine the facts and exercise its discretion.

■■■ In this case we agree with the defendant and with the district court that the two offenses must be deemed to have arisen from the same behavioral incident. This determination means that defendant, who has already been sentenced for the open bottle violation, cannot be sentenced for the offense of driving while under the influence. However, the statutory protection against multiple punishment bars multiple sentencing in this situation but not multiple convictions. Whether the conviction for driving while under the influence must be reversed depends on whether the prosecution of defendant violated the statutory protection against serialized prosecution. We hold that it did not.

As in *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966), the prosecutor in this case brought all the charges against defendant in a single prosecution in the same court and it was the decision of defendant to plead guilty to one of the offenses which resulted in a fragmentation of the prosecution. The trial court should have deferred sentencing defendant on the open bottle charge until after the disposition of the driving while under the influence charge. *Id.* However, the court's failure to do so did not bar the prosecution and conviction of defendant on the charge of driving while under the influence. The state in continuing to pursue a conviction of defendant on this charge was not trying to harass defendant, and the fact that defendant could not be sentenced if convicted did not render the prosecution pointless. Accordingly, we reverse the order vacating defendant's conviction for driving while under the influence.

Reversed.

WAHL, Justice (dissenting).

Because I believe the majority opinion violates the statutory protection against serialized prosecution provided by Minn.Stat. § 609.035 (1978), I must respectfully dissent. The statute provides that a conviction of any offense bars prosecution for any other offense arising out of the same behavioral incident. Defendant's guilty plea is a conviction for purposes of this statute.

We have repeatedly warned that in situations like the instant one, where a defendant pleads guilty to one of several offenses arising out of the same behavioral incident charged in a single prosecution, the trial court should defer sentencing until after disposition of all charges. *State v. Sailor*, 257 N.W.2d 349, 352 (Minn.1977); *State v. Wheat*, 296 Minn. 97, 206 N.W.2d 655 (1973); *See In the Matter of the Welfare of Reynaldo Castillo*, No. 50235, 293 N.W.2d 839 (Minn. June 13, 1980). Here, the trial court accepted a plea of guilty from this unrepresented defendant as to one charge and proceeded to sentence him before trial on another charge. In these circumstances, Minn.Stat. § 609.035 prohibits further prosecution.

Although the majority opinion concedes that defendant's offenses arose out of the same behavioral incident and that he therefore may be sentenced for only one offense, it nevertheless approves prosecution of defendant on the additional charge. Since no sentence can be imposed for conviction of this charge, the only reason for pursuing the conviction is to harass the defendant, something which Minn.Stat. § 609.035 was intended to prevent. I would affirm the three-judge panel.