STATE of Minnesota, Appellant,

v.

Matthew Charles MELAND, Respondent.

No. C0–00–648.

Court of Appeals of Minnesota.

Aug. 29, 2000.

Mike Hatch, Attorney General, St. Paul; and Jay M. Heffern, Minneapolis City Attorney, Eileen J. Strejc, Assistant City Attorney, Minneapolis for appellant.

Douglas B. Meslow, Meslow & Olson, PLLC, White Bear Lake, for respondent.

Considered and decided by HARTEN, Presiding Judge, PETERSON, Judge, and PARKER, Judge.*

## OPINION

HARTEN, Judge.

The State of Minnesota appeals from the district court's pretrial order dismissing DWI charges against respondent Matthew Charles Meland. We reverse and remand.

## FACTS

The facts are undisputed. In the early morning hours of June 15, 1999, Minneapolis police officer Patrick Windus observed Meland driving a vehicle with expired license plate tabs, in violation of Minn.Stat. § 169.79 (1998). Upon stopping Meland for the expired tabs, Windus observed Meland's indicia of intoxication. After Meland performed and failed field sobriety tests and a preliminary breath test, Windus took him into custody and transported him to Hennepin County Medical Center. He read Meland the implied

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

consent advisory, and Meland consented to a urine test. Windus ultimately cited Meland for the expired tabs and released him. On July 26, 1999, Meland paid the fine for the expired tabs, thereby pleading guilty to that charge.

On July 6, 1999, the urine test results revealed that Meland had a blood alcohol concentration of .167 at the time of the incident. On January 20, 2000, the state filed a complaint charging Meland with DWI in violation of Minn.Stat. § 169.121, subd. 1(a) (1998), driving with an alcohol concentration of .10 or more in violation of Minn.Stat. § 169.121, subd. 1(d) (1998), and having an alcohol concentration of .10 or more within two hours of driving in violation of Minn.Stat. § 169.121, subd. 1(e) (1998).

Meland filed a motion to dismiss the DWI charges, claiming serialized prosecution in violation of Minn.Stat. § 609.035 (1998). The district court granted Meland's motion and dismissed the DWI charges. The state appeals.

## ISSUE

Did the district court err in concluding that Meland's conviction for expired tabs prevented prosecution of the DWI charges?

## ANALYSIS

When the state appeals a pretrial order under Minn. R.Crim. P. 28.04, this court will reverse only if the state demonstrates clearly and unequivocally that (1) the district court erred in its judgment and (2) unless reversed, the error will have a critical impact on the trial's outcome. *State v. Joon Kyu Kim*, 398 N.W.2d 544, 547 (Minn.1987). Dismissal of a complaint has a critical impact. *State v. Dendy*, 598 N.W.2d 4, 6 (Minn.App.1999), *review denied* (Minn. Sept. 28, 1999). We must therefore determine whether the district court erred in dismissing the DWI charges against Meland.

Where the parties do not dispute material facts, a reviewing court need not defer to the district court's application of law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Because the parties do not dispute the material facts, we review the district court's decision de novo.

Where conduct constitutes more than one offense under Minnesota law, a conviction for one offense bars prosecution for any of the others. Minn.Stat. § 609.035, subd. 1 (1998). In determining whether section 609.035 bars prosecution for multiple offenses, a court must ascertain whether the charged offenses resulted from a single behavioral incident. *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 524 (1966). The test for determining whether two traffic offenses are part of a single behavioral incident is whether

> they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment.

*Id.* at 405, 141 N.W.2d at 525. The presence or absence of a single behavioral incident depends on the facts and circumstances of each case. *State v. Reiland*, 274 Minn. 121, 123, 142 N.W.2d 635, 637 (1966).

The state concedes that Meland's conduct of driving with expired tabs and driving while intoxicated occurred at the same time and place, but argues that his conduct did not result from a single behavioral incident because (1) driving with expired tabs is a continuous offense while a DWI offense is limited in time and place and (2) the offenses do not manifest an indivisible state of mind or coincident errors in judgment. We agree.

Caselaw distinguishes between continuing offenses and offenses limited in time and place. *See State v. Wheat*, 296 Minn. 97, 206 N.W.2d 655 (1973) (relying on *Reiland* in holding driving without a license and speeding are not a single behavioral incident); *Reiland*, 274 Minn. 121, 142

N.W.2d 635 (driving after revocation and criminally negligent driving are not a single behavioral incident).

Meland's DWI offense took place at a particular time and place. In contrast, driving with expired tabs is a continuing offense that recurs every time a driver drives or parks the subject vehicle on a public highway. *See* Minn.Stat. § 169.79 (1998) (stating that "[n]o person shall operate, drive or park a motor vehicle on any highway" unless lawfully registered and displaying proper tabs).

Moreover, the offenses of DWI and driving with expired tabs do not "manifest[ ] an indivisible state of mind or coincident errors of judgment." *Johnson*, 273 Minn. at 405, 141 N.W.2d at 525. There is no substantial relationship between the conduct constituting the two offenses. DWI laws are designed to promote the safety of persons on the highway, whereas the license tab statute is regulatory in nature. Meland's state of mind or error in judgment that caused him to drive with expired license tabs may be attributed either to willful disregard of the law or to simple forgetfulness; it had no relationship to his conduct of driving while intoxicated.

Although the conduct constituting each offense occurred at the same time and place, we conclude that it did not result from a single motivation directed toward a single goal. Therefore, the DWI prosecution against Meland is not barred by Minn. Stat. § 609.035.

## DECISION

The prosecution of Meland for DWI did not violate the Minn.Stat. § 609.035 prohibition of serialized prosecution. Accordingly, the district court erred in dismissing the DWI charges.

**Reversed and remanded.**