STATE of Minnesota, Respondent,

v.

Thane John REIMER, Appellant.

No. C5–00–1164.

Court of Appeals of Minnesota.

April 24, 2001.

Mike Hatch, Minnesota Attorney General, St. Paul, MN; and Alan L. Mitchell, St. Louis County Attorney, Steven C. Cundy, Assistant St. Louis County Attorney, Virginia, MN, for respondent.

Gordon C. Pineo, Deal & Pineo, Virginia, MN, for appellant.

Considered and decided by LANSING, Presiding Judge, ANDERSON and HALBROOKS, Judges.

## OPINION

G. BARRY ANDERSON, Judge

Appellant challenges the district court's pretrial order determining that the charges of driving with an expired driver's license and gross misdemeanor DWI did not arise out of a single behavioral incident and could therefore be separately prosecuted. We affirm.

## FACTS

Appellant Thane John Reimer was operating a motor vehicle when it went off the road into a ditch. Appellant's motor vehicle driving record indicated that he had a prior conviction for driving while intoxicated (DWI), and his driving privileges had expired.

The investigating officer noted that appellant was unsteady on his feet, had slurred speech, bloodshot and watery eyes, and the odor of alcohol about his person, and appellant admitted he had been drinking. Appellant consented to a blood test, which was taken at a local medical center. Appellant received a citation from the officer for driving with an expired license, which he promptly paid.

The blood test results showed an alcohol concentration of .17. Based on the test results, the state charged appellant with two counts of gross misdemeanor Driving While Intoxicated (DWI) in violation of Minn.Stat. § 609.121 (1998).

Appellant brought a motion to dismiss the DWI charge pursuant to Minn.Stat. § 609.035 (1998), arguing that the DWI charges violated the state's prohibition against serial prosecution. The district court concluded that the offenses of driving with an expired driver's license and gross misdemeanor driving while intoxicated did not arise out of a single behavioral incident, and denied the defense motion. Appellant subsequently entered a plea to one count of gross misdemeanor DWI on June 22, 2000. This appeal followed.

## ISSUE

Did the district court err in determining that the charges of driving with an expired driver's license and gross misdemeanor DWI did not arise out of a single behavioral incident occurring on December 23, 1999?

## ANALYSIS

Under Minn.Stat. § 609.035, subd. 1 (1998), a conviction for one offense bars prosecution for any other offense arising from the same incident. The material facts are not in dispute here, so we review de novo the district court's application of the law. *State v. Meland*, 616 N.W.2d 757, 759 (Minn.App.2000).

The test for determining if violations of two or more traffic statutes result from a single behavioral incident [is whether] they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible

state of mind or coincident errors of judgment.

*State v. Johnson,* 273 Minn. 394, 405, 141 N.W.2d 517, 525 (1966). The question of whether multiple offenses arose out of the same behavioral incident "depends on the facts and circumstances of the particular case." *State v. Bookwalter,* 541 N.W.2d 290, 294 (Minn.1995). The state bears the burden to establish that the conduct underlying the offenses are not part of a single behavioral incident. *State v. Zuehlke,* 320 N.W.2d 79, 82 (Minn.1982).

▆▆▆▆ Here, it is undisputed that the offenses occurred at the same time and place. We are left with ascertaining whether the offenses of DWI and driving with an expired license constituted a "continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." *Johnson,* 273 Minn. at 405, 141 N.W.2d at 525. Respondent argues that his offenses were not separate and distinct, but rather constituted a single behavioral incident.

In *State v. Meland,* the defendant was stopped for driving a vehicle with expired license tabs. 616 N.W.2d at 758. After stopping the vehicle, police observed that defendant appeared intoxicated. *Id.* The defendant submitted to a urine test. *Id.* at 759. Police cited defendant for expired tabs and released him. *Id.* The defendant pleaded guilty to the license tab offense and paid the fine. *Id.* The urine test results later revealed a blood alcohol concentration of .167, and a complaint was filed charging Meland with DWI. *Id.* The defendant filed a motion to dismiss pursuant to Minn.Stat. § 609.035 (1998). *Id.* After the district court granted the motion, we reversed, holding that

> [c]aselaw distinguishes between continuing offenses and offenses limited in time and place.
>
> * * * *

Meland's DWI offense took place at a particular time and place. In contrast, driving with expired tabs is a continuing offense that recurs every time a driver drives or parks the subject vehicle on a public highway.

*Id.* at 759–60. We conclude that the *Meland* analysis applies here.

Similar to driving with expired tabs, driving with an expired driver's license is a continuing offense that recurs every time appellant drives. *See* Minn.Stat. § 171.02, subd. 1 (1998) (stating that "[n]o person, except those hereinafter expressly exempted, shall drive any motor vehicle upon any street or highway in this state unless such person has a license valid under the provisions of this chapter for the type or class of vehicle being driven"). Moreover, the offenses of DWI and driving with an expired license do not "manifest[ ] an indivisible state of mind or coincident errors of judgment." *Meland,* 616 N.W.2d at 760 (quoting *Johnson,* 273 Minn. at 405, 141 N.W.2d at 525). Appellant's decision to drive with an expired license may be attributed to errors in judgment wholly independent of his decision to drink and drive.

Minnesota courts have reached similar results in a variety of factual situations involving one or more motor vehicle violations. In *State v. Butcher,* 563 N.W.2d 776 (Minn.App.1997), *review denied* (Minn. Aug. 5, 1997), the defendant was charged with transporting an uncased firearm and driving after cancellation, among other charges, all occurring in a single time frame. *Id.* at 779. We held that these offenses were independent of each other because they did not share "an indivisible state of mind or coincidental errors of judgment." *Id.* at 784.

In *State v. Bishop,* 545 N.W.2d 689 (Minn.App.1996), the defendant was charged with driving after cancellation and

aggravated DWI. *Id.* at 690. We held that the offenses, while occurring at different times and places, also involved distinct and dissimilar errors in judgment, and thus did not arise out of the same behavioral incident. *Id.* at 692.

In *State v. Holland,* 421 N.W.2d 382 (Minn.App.1988), we held that the offenses of driving after cancellation and unsafe equipment violations were continuing offenses which were committed the moment Holland started his car, and were not linked with the felony offense of aggravated criminal damage to property.[1] *Id.* at 389. The criminal damage offense was found to be motivated by a criminal objective separate and distinct from that present in either the driving after cancellation or unsafe equipment violations. *Id.*

In *State v. Wheat,* 296 Minn. 97, 206 N.W.2d 655 (1973), the supreme court, relying on *State v. Reiland,* 274 Minn. 121, 142 N.W.2d 635 (1966), held that although acts leading to charges of operating a motor vehicle without a license and speeding occurred at the same time and place, the offenses were separate and distinct. *Wheat,* 296 Minn. at 98, 206 N.W.2d at 656. In *State v. Reiland,* the supreme court held that the offense of driving after revocation was separate and distinct from conduct constituting the offense of criminal negligence,[2] and, therefore, a conviction for driving after revocation did not bar a subsequent prosecution for criminal negligence even though the offenses occurred at the same time and place. *Id.* at 124, 142 N.W.2d at 638. The offense of driving after revocation was found to be "continuous" in nature. *Id.* The court went on to hold that the violations did not manifest an indivisible state of mind or coincidental error in judgment. *Id.*

This is not to say, of course, that, as a matter of public policy, appellant's argument is without merit. The logic behind distinguishing between driver's license violations on the one hand, and moving violations on the other hand, thus avoiding the application of Minn.Stat. § 609.035 subd. 1 (1998), is not transparently clear. Nonetheless, as *Meland* acknowledges, case law in Minnesota does distinguish between continuing offenses and offenses limited in time and place, and based on that established precedent, we affirm the district court's order determining that the statutory bar to prosecution found in Minn.Stat. § 609.035 (1998) does not apply here.

### DECISION

The prosecution of Reimer for DWI did not violate the Minn.Stat. § 609.035 prohibition against serialized prosecution.

**Affirmed.**

---

1. Holland slammed his vehicle into a police squad car as he was attempting to get away. *Id.* at 384.

2. Reiland struck and killed a pedestrian with his automobile.