*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1595**

State of Minnesota,
Respondent,

vs.

Roosevelt Hunter,
Appellant.

**Filed August 11, 2014
Affirmed
Reyes, Judge**

Faribault County District Court
File No. 22CR11614

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Troy Timmerman, Faribault County Attorney, Blue Earth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Bridget K. Sabo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Hooten, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

On direct appeal from a jury trial, appellant argues that (1) his conviction for intent to escape tax must be reversed because the circumstantial evidence was consistent with the rational hypothesis that he intended to register his vehicle in Missouri after he

got it repaired and (2) the district court erred by imposing sentences for both intent to escape tax and alter/deface because the offenses arose from a single behavioral incident. We affirm.

**FACTS**

On March 3, 2011, appellant Roosevelt Hunter bought a Mercedes sedan from a dealership in Missouri. On July 13, 2011, a Minnesota State Patrol Officer stopped Hunter for a traffic violation and asked for the car's title and registration. The title indicated that the car had been purchased on March 3, 2011, and that the buyer was required to transfer title within 30 days, meaning that the car should have been registered in Minnesota and taxes paid on or before April 3, 2011. The temporary paper license plate that Hunter displayed in the back window of his car, however, bore an expiration date of July 29, 2011, which appeared to conflict with the other documents the officer examined. During a search of the car,[1] the officer discovered an Oklahoma traffic ticket issued on June 7, 2011, indicating that Hunter displayed the same temporary license plate on that date. Police later discovered that the temporary license plate Hunter displayed was a photocopy of the original, which had been carefully altered to show a different expiration date.

The state charged Hunter, in relevant part, with motor vehicle registration, intent to escape tax, in violation of Minn. Stat. § 168.35 (2010), and motor vehicle registration, alter/deface, in violation of Minn. Stat. § 168.36, subd. 3 (2010). After a jury trial, he

_____

[1] The legality of the search is not an issue on appeal.

was found guilty, and the district court sentenced him to 12 months on count I (intent to escape tax) and 90 days on count II (alter/deface). This appeal follows.

## D E C I S I O N

### I.    Sufficiency of the evidence

In reviewing the sufficiency of the evidence, this court conducts "a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction," is sufficient to allow the jurors to reach a verdict of guilty. *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012) (quotation omitted). We assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Caldwell*, 803 N.W.2d 373, 384 (Minn. 2011) (quotation omitted). "[W]e will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense." *Ortega*, 813 N.W.2d at 100.

To convict Hunter of motor vehicle registration, intent to escape tax, the state must prove beyond a reasonable doubt that Hunter delayed or neglected to register his car and did so with the intent to avoid paying tax. Minn. Stat. § 168.35. A motor vehicle that is operated on public streets and highways must be registered and bear current license plates. Minn. Stat. § 168.09, subd. 1 (2010). The registration is due "when the vehicle first uses the public streets or highways in the state, and upon January 1 each year thereafter." Minn. Stat. § 168.31, subd. 1 (2010).

When, as here, intent is proved by circumstantial evidence, we apply heightened scrutiny, first identifying the circumstances proved, deferring to the fact-finder's

3

acceptance of the proof of these circumstances and rejection of evidence contrary to the circumstances proved. *State v. Hokanson*, 821 N.W.2d 340, 354 (Minn. 2012), *cert. denied*, 133 S. Ct. 1741 (2013). We then independently examine "the reasonableness of all inferences that might be drawn from the circumstances proved" without deferring to the fact-finder's choice between inferences. *State v. Al–Naseer*, 788 N.W.2d 469, 473-74 (Minn. 2010) (quotation omitted). To support a conviction, "the circumstances proved must be consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *State v. Andersen*, 784 N.W.2d 320, 330 (Minn. 2010).

The evidence adduced at trial, viewed in the light most favorable to the verdict, establishes that Hunter failed to register his car with the intent to evade tax. At trial, the circumstances proved were that, when Hunter was stopped on July 13, 2011, (1) he owned the car; (2) he purchased the car on March 3, 2011; (3) his temporary license plate had expired in April 2011; (4) he had received a written warning from Oklahoma highway patrol on June 7, 2011, on which date the expired temporary license plate was displayed on his car; (5) he had a Minnesota driver's license and was driving the car in Minnesota; (6) he resided in Minnesota and never lived in Missouri; (6) his car was not registered in Missouri or Minnesota and he knew this; and (7) the temporary license plate appeared to have been altered.

Hunter argues that the circumstances proved and the rational inferences from them are consistent with an explanation other than guilt, namely that "he intended to register the car in Missouri as soon as he could get the car in good enough repair to pass inspection." We disagree. "An alternative theory does not justify a new trial if that

4

theory is not plausible or supported by the evidence," and a conviction based on circumstantial evidence will not be overturned on the basis of mere conjecture. *State v. Lahue*, 585 N.W.2d 785, 789 (Minn. 1998). "[P]ossibilities of innocence do not require reversal . . . so long as the evidence taken as a whole makes such theories seem unreasonable." *State v. Taylor*, 650 N.W.2d 190, 206 (Minn. 2002) (quotation omitted). The record contains sufficient evidence to establish that Hunter delayed or neglected to properly register his car and did so with the intent to avoid paying tax.

## II.     Single behavioral incident

Hunter argues that the district court erred by imposing separate sentences for motor vehicle registration, intent to escape tax and motor vehicle registration, alter/deface because the two offenses arose from a single behavioral incident.[2]  Because the relevant facts are not in dispute, the question of whether Hunter's multiple offenses arose from a single behavioral incident is a question of law, to which this court applies a de novo standard of review. *State v. Bauer*, 776 N.W.2d 462, 477 (Minn. App. 2009), *aff'd*, 792 N.W.2d 825 (Minn. 2011).

As a general rule, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses."  Minn. Stat. § 609.035, subd. 1 (2010).  When a person is charged with multiple offenses, a court

---

[2] Hunter did not make this argument before the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding that an appellate court generally will not consider matters that were not argued and considered below).  But the protection against multiple sentencing cannot be waived. *State v. Johnson*, 653 N.W.2d 646, 650-51 (Minn. App. 2002).  It is therefore proper for this court to address the merits of Hunter's argument. *Id.* at 651.

must determine whether the offenses "resulted from a single behavioral incident," in which case multiple punishments are prohibited. *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 524 (1966). The policy of this rule is "to protect a defendant convicted of multiple offenses against unfair exaggeration of the criminality of his conduct." *State v. Norregaard*, 384 N.W.2d 449, 449 (Minn. 1986). "The state has the burden to establish by a preponderance of the evidence that the conduct underlying the offenses did not occur as part of a single behavioral incident." *State v. Williams*, 608 N.W.2d 837, 841-42 (Minn. 2000).

The test for determining if violations of two or more traffic statutes arise from a single behavioral incident is whether the offenses (1) "occur at substantially the same time and place" and (2) "arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." *State v. Reimer*, 625 N.W.2d 175, 176-77 (Minn. App. 2001) (quoting *Johnson*, 273 Minn. at 405, 141 N.W.2d at 525).

Here, Hunter was charged with and convicted of motor vehicle registration, intent to escape tax, in violation of Minn. Stat. § 168.35, and motor vehicle registration, alter/deface, in violation of Minn. Stat. § 168.36, subd. 3., both of which "took place on or about July 18, 2011 in Faribault County Minnesota." These undisputed facts indicate that the offenses occurred at substantially the same time and place.

But as to the second prong, Hunter's offenses do not arise from "a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind." *Bauer*, 776 N.W.2d at 478 (quotations omitted). Hunter committed the crime of intent to escape tax

6

when he failed to register his vehicle in Minnesota upon the expiration of his temporary license. To commit the crime of alter/deface, however, Hunter affirmatively acted to alter his temporary license plate. The course of conduct and state of mind manifested by the former offense is an omission while the latter offense requires an affirmative act; they do not share coincident errors of judgment. *See Reimer*, 625 N.W.2d at 177 (holding that although the offenses occurred at the same time and place, "[a]ppellant's decision to drive with an expired license may be attributed to errors in judgment wholly independent of his decision to drink and drive."); *State v. Meland*, 616 N.W.2d 757, 759-60 (Minn. App. 2000) (holding that DWI and driving with expired tabs do not manifest an indivisible state of mind or coincident errors of judgment because driving with expired tabs is a continuing offense that occurs whenever the defendant drives); *State v. Butcher*, 563 N.W.2d 776, 784 (Minn. App. 1997) (holding in relevant part that transporting an uncased firearm and driving after cancellation, both of which occurred in a single time frame, did not share an indivisible state of mind or coincidental errors of judgment), *review denied* (Minn. Aug. 5, 1997).

Accordingly, although Hunter's offenses occurred at substantially the same time and place, they were not indivisibly connected and did not arise from a single behavioral incident. The district court did not err by imposing sentences for both offenses.

**Affirmed.**