*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2180**

State of Minnesota,
Respondent,

vs.

Richard Lee Cunningham,
Appellant.

**Filed November 9, 2015
Affirmed in part, reversed in part, and remanded
Stauber, Judge**

Kanabec County District Court
File No. 33CR14243

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Barbara McFadden, Kanabec County Attorney, Braden Sczepanski, Assistant County Attorney, Mora, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Presiding Judge; Peterson, Judge; and Stauber, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellant seeks a new trial or a new sentence, arguing that his attorney ineffectively represented him by conceding his guilt without consent and that the district

court improperly sentenced him on multiple offenses that arose from a single behavioral incident. We affirm on the ineffective-assistance-of-counsel claim but reverse and remand for resentencing because appellant's DWI and open-bottle convictions arose from the same behavioral incident.

**FACTS**

On the evening of June 17, 2014, Kanabec County Deputy Sheriff Cole Bangerter stopped the vehicle of appellant Richard Lee Cunningham for having a headlight out. Cunningham did not have personal identification or proof of insurance, and after checking with police dispatch, Bangerter learned that Cunnningham's license was also canceled as inimical to public safety.

In the back seat of Cunningham's vehicle, Bangerter observed one of two beer cans with condensation on it, and another beer can on the floor of the front passenger seat. Bangerter further noticed that Cunningham had bloodshot and watery eyes, slightly slurred speech, and an odor of alcohol. Cunningham admitted that he had consumed three beers earlier in the evening. After being arrested and read the implied-consent advisory, Cunningham agreed to a breath test that revealed a 0.09 blood-alcohol concentration.

Cunningham was charged with five separate offenses: gross-misdemeanor driving after cancellation as inimical to public safety, misdemeanor fourth-degree DWI (under the influence), misdemeanor fourth-degree DWI (alcohol concentration of 0.08 or more), misdemeanor failure to carry proof of insurance, and a misdemeanor open-bottle

2

violation. Cunningham stipulated before trial that his driver's license was canceled as inimical to public safety.

During his opening statement at trial, Cunningham's attorney said, "I will be asking that with respect to the matters for which we have not stipulated–in other words, the driving after cancellation charge, we've agreed that he violated [the] statute. Other than those particular charges, I'll be asking for verdicts of not guilty."

Cunningham testified that he had consumed alcohol only shortly before he was stopped, that he was not physically impaired from the alcohol, and that, had he been given a blood test rather than a breath test, he would have been able to prove that he was not under the influence at the time of his arrest. Cunningham admitted that he drank "three beers within a half hour" of the stop. He also admitted that he "actually had had an open beer in the–in the car with me, up front," and that he drank that beer while in the vehicle.

During closing argument, Cunningham's attorney stated:

> I'm going to deal with the easy ones first. I told you initially that, yes, he's guilty of the gross misdemeanor driving after cancellation inimical to public safety. The long caption, we stipulated to that. We told the Court that's really not an issue here. But we'll just agree that he should be found guilty. The open bottle's never really been an issue either. You know, he testified to having the open container with him. He had taken a sip or drunk some of it. He was in the private motor vehicle at the time. We don't have a problem with you finding him guilty of that. Those two are the easy ones.

The attorney then went on to challenge the factual bases for the two DWI offenses and the failure-to-carry-proof-of-insurance offense and concluded his argument by stating:

"So I would ask that you find him guilty on the gross misdemeanor driving after cancellation charge and the open bottle and not guilty on all the other counts."

The jury returned guilty verdicts on all five counts.

The district court sentenced Cunningham to serve 365 days in jail on the driving-after-cancellation conviction. He was also sentenced to 90 days each on the DWI (0.08 or more) offense, the failure-to-carry-insurance offense, and the open-bottle offense, but was given 90 days of credit for time served on each of those convictions. The district court did not sentence Cunningham on the second DWI offense because it arose from the same behavioral incident as the first DWI conviction.

This appeal followed.

## D E C I S I O N

### I.     Concession of appellant's guilt

Appellant argues that he was denied effective assistance of counsel because his attorney conceded his guilt on the driving-after-cancellation offense, which is the most serious offense with which appellant was charged. "[W]hether or not to admit guilt at a trial is a decision that . . . can only be made by the defendant." *State v. Moore*, 458 N.W.2d 90, 96 (Minn. 1990) (quotation omitted); *see Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983) (stating "that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty"); Minn. R. Crim. P. 26.01, subd. 1(2)(a) (stating that a defendant's right to a jury trial on the issue of guilt must be waived "personally, in writing or on the record in open court"). When counsel admits or concedes a defendant's guilt without a defendant's consent, the

4

attorney's performance is deficient and prejudice to the defendant is presumed. *State v. Jorgensen*, 660 N.W.2d 127, 132 (Minn. 2003); *Dukes v. State*, 621 N.W.2d 246, 254 (Minn. 2001). Under these circumstances, the defendant is entitled to a new trial unless the record demonstrates that the defendant acquiesced to the concession. *Dukes*, 621 N.W.2d at 254.

A defendant's acquiescence may be demonstrated in two ways. In the first, "defense counsel uses the strategy of conceding the defendant's guilt throughout trial and the defendant fails to object." *Jorgensen*, 660 N.W.2d at 132. In the second, the concession of guilt is "an understandable strategy, and the defendant was present at the time the concessions were made and admits that he understood that his guilt was being conceded, but did not object." *Id.* at 133 (quotation omitted). Here, it was not an "understandable" or reasonable trial strategy for defense counsel to concede appellant's guilt on the most serious offense with which he was charged. *Cf. State v. Prtine*, 799 N.W.2d 594, 599 (Minn. 2011) ("[I]t is an understandable trial strategy to concede an intent to kill in order to try to build credibility with the jury in the hope of avoiding conviction on the first-degree premeditated murder charge").

But the record demonstrates that appellant acquiesced to his attorney's concessions of guilt. Defense counsel made clear statements conceding appellant's guilt at the beginning of both his opening statement and closing argument. *See State v. Provost*, 490 N.W.2d 93, 97 (Minn. 1992) (deeming that the defendant acquiesced to a trial strategy of conceding guilt when "[f]rom his opening statement through his closing argument, defense counsel consistently took the position that defendant had caused the

victim's death," and the defendant did not object to the strategy).  Appellant ratified the concession of guilt as to the gross-misdemeanor offense by stating at sentencing that he "didn't have a problem with admitting to the driving after cancellation" charge.  On this record, appellant acquiesced to his attorney's concessions of guilt.

## II.     Sentencing

Appellant next argues that the district court erred by sentencing him on the four offenses of conviction because they arose from a single behavioral incident.  Although appellant did not object to the sentences imposed, an offender "does not waive relief from multiple sentences or convictions arising from the same behavioral incident by failing to raise the issues at the time of sentencing."  *State v. Clark*, 486 N.W.2d 166, 170 (Minn. App. 1992).

"[I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses."  Minn. Stat. § 609.035, subd. 1 (2014); *see State v. Bauer*, 776 N.W.2d 462, 477 (Minn. App. 2009), *aff'd*, 792 N.W.2d 825 (Minn. 2011); *see also State v. Johnson*, 653 N.W.2d 646, 651 (Minn. App. 2002) (stating that purpose of the sentencing rule is to make punishment commensurate with the crime).  The test used to determine whether a conviction for one violation of a traffic statute arose from the same incident and thus bars prosecution for a separate violation is whether "they occur[red] at substantially the same time and place and ar[o]se out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment."  *State v. Reimer*, 625 N.W.2d 175, 176-77

(Minn. App. 2001) (quotation omitted). The state bears the burden to prove that the offenses were not part of a single behavioral incident. *Id.* at 177. "When the facts are not in dispute, the question of whether multiple offenses are part of a single behavioral incident is one of law that we review de novo." *State v. Fichtner*, 867 N.W.2d 242, 253 Minn. 2015), *pet. for review filed* (Minn. Aug. 12, 2015).

In *Reimer*, this court ruled that the district court did not err by sentencing the defendant on both a DWI offense and driving-with-an-expired-license offense because the driving-with-an expired-license offense was an ongoing offense while the DWI offense was limited in time and place, and because the two offenses did not evidence an indivisible state of mind or coincidental errors of judgment. 625 N.W.2d at 177. Other Minnesota caselaw has been decided in a similar fashion. *Id.* (stating that "Minnesota courts have reached similar results in a variety of factual situations involving one or more motor vehicle violations"); *see also, State v. Butcher*, 563 N.W.2d 776, 784 (Minn. App. 1997) (ruling that imposing separate sentences for convictions of driving after cancellation, taking big game out of season, and transporting an uncased firearm did not violate section 609.035), *review denied* (Minn. Aug. 5, 1997); *State v. Meland*, 616 N.W.2d 757, 759-60 (Minn. App. 2000) (ruling that imposing separate sentences for convictions of driving with expired tabs offense and DWI did not violate section 609.035); *State v. Bishop*, 545 N.W.2d 689, 691-92 (Minn. App. 1996) (ruling that sentencing for convictions of driving after cancellation and DWI did not violate section 609.035).

The state concedes that the DWI offense and the open-bottle offense arose out of the same behavioral incident and that appellant should not have been sentenced on the open-bottle conviction after being sentenced on the DWI conviction. *See City of Moorhead v. Miller*, 295 N.W.2d 548, 550 (Minn. 1980) (ruling that open-bottle conviction and DWI conviction "must be deemed to have arisen from the same behavioral incident"). We agree. But under *Reimer*, this reasoning does not apply to the other misdemeanor offenses. The driving-after-cancellation and failure-to-carry-insurance convictions were for ongoing offenses that involved separate and distinct errors in judgment, and the DWI conviction was limited in time and place. Therefore, those three convictions were not part of the same behavioral incident and could be sentenced separately. We therefore affirm those sentences, but we reverse and remand for the district court to vacate the sentence on the open-bottle conviction. *See Fichtner*, 867 N.W.2d at 254.

**Affirmed in part, reversed in part, and remanded.**