*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0617**

State of Minnesota,
Appellant,

vs.

Alec Evert Adolfson,
Respondent

**Filed January 30, 2017
Affirmed
Worke, Judge**

Chisago County District Court
File No. 13-CR-15-500

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janet Reiter, Chisago County Attorney, Beth A. Beaman, Assistant County Attorney, Center City, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Worke, Judge; and Stauber, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

In this sentencing appeal, the state argues that the district court erred by denying its motion for an order requiring respondent to provide a biological sample for DNA analysis.

Because respondent's misdemeanor conviction did not arise out of the same set of circumstances as a felony offense with which he was charged but not convicted, we affirm.

## FACTS

Respondent Alec Evert Adolfson was charged with three counts: (1) fifth-degree possession of a controlled substance; (2) fourth-degree driving while impaired (DWI)—under the influence of a combination of any two or more elements of alcohol, a controlled substance, or a hazardous substance; and (3) fourth-degree DWI—alcohol concentration (AC) of 0.08 or more. Adolfson reached a plea agreement with appellant state and pleaded guilty to counts one and three.

At his plea hearing, Adolfson admitted that after he was pulled over for traffic violations, a police officer smelled marijuana coming from his vehicle. The officer asked Adolfson if there was marijuana in the vehicle. Adolfson admitted that there was and gave the officer multiple bags of marijuana. The marijuana weighed over 230 grams.

Adolfson also admitted that during the same traffic stop, the officer noticed that Adolfson appeared to be under the influence of alcohol. Adolfson had previously drunk six or seven beers. Adolfson was taken to the county jail where he consented to a breath test. The test showed that Adolfson had an AC of 0.12.

At sentencing, the district court convicted Adolfson of fourth-degree DWI, a misdemeanor. Minn. Stat. § 169A.27, subd. 2 (2014). On the felony count of fifth-degree possession of a controlled substance, Minn. Stat. § 152.025, subd. 2(a)(1) (2014), the district court stayed adjudication of guilt under Minn. Stat. § 152.18, subd. 1 (2014). The state moved for an order requiring Adolfson to provide a biological sample for DNA

2

analysis. Although Adolfson was not convicted of a felony, the state argued that the DWI conviction arose out of the same set of circumstances as the felony controlled-substance offense and required the court to order Adolfson to provide the sample. Because Adolfson was convicted only of the alcohol-related DWI, the district court determined that his conviction did not arise out of the same circumstances as the controlled-substance offense and denied the state's motion. This appeal followed.

### D E C I S I O N

The state argues that the district court erred by denying its motion for an order requiring Adolfson to provide a biological sample for DNA analysis. When the district court "sentences a person charged with committing or attempting to commit a felony offense and the person is convicted of that offense or of any offense arising out of the same set of circumstances," the district court must order the "offender to provide a biological specimen for the purpose of DNA analysis." Minn. Stat. § 609.117, subd. 1(1) (2014). Because adjudication of guilt was stayed on the controlled-substance offense, Adolfson was not "convicted" of a felony. *See Dupey v. State*, 868 N.W.2d 36, 39 (Minn. 2015) (stating that a stay of adjudication under Minn. Stat. § 152.18, subd. 1, is not a conviction). The state argues, however, that the felony controlled-substance offense and the misdemeanor DWI conviction arose out of the "same set of circumstances" and therefore Adolfson must submit a DNA sample.

The facts underlying the controlled-substance and DWI offenses were admitted by Adolfson at his plea hearing and are not in dispute. We review the district court's

3

application of a statute to undisputed facts de novo. *State v. Lopez*, 778 N.W.2d 700, 705 (Minn. 2010); *State v. Meland*, 616 N.W.2d 757, 759 (Minn. App. 2000).

There is no caselaw interpreting the language "arising out of the same set of circumstances" in Minn. Stat. § 609.117, subd. 1(1). The supreme court, however, has interpreted identical language in Minn. Stat. § 243.166, subd. 1b(a)(1) (2014). That statute requires a person to register as a predatory offender if charged with a felony specified in the statute and convicted of "that offense or another offense arising out of the same set of circumstances." Minn. Stat. § 243.166, subd. 1b(a)(1).

In *Lopez*, two brothers were each charged with aiding and abetting a first-degree controlled-substance crime and two counts of aiding and abetting kidnapping. 778 N.W.2d at 701. They were convicted of the controlled-substance crime, but the kidnapping charges were dismissed. *Id.* at 702. The district court required the brothers to register as predatory offenders because it concluded that the kidnapping charges "arose out of the same set of circumstances" as the controlled-substance crime. *Id.* The brothers had sold methamphetamine to a police informant. *Id.* At the time of the sale, the informant could not pay the full price and agreed to pay the remaining amount at a later date. *Id.* Ten days later, when the informant still had not paid, the brothers held the informant and his friend hostage in a garage for forty minutes while the informant arranged to pay the debt. *Id.*

The supreme court concluded that the kidnapping charges did not arise out of the "same set of circumstances" as the controlled-substance crime. *Id.* at 706-07. While the conviction offense and charged offense need not be based on identical facts, "the facts underlying the two must be sufficiently linked in time, location, people, and events to be

4

considered the 'same set of circumstances.'" *Id.* at 706. It is not enough that the conviction offense and the charged offense "arise from 'related circumstances'" or "share a single 'related circumstance.'" *Id.* Instead, the two offenses must "arise from one 'same set of circumstances.'" *Id.* The kidnapping and controlled-substance offenses in *Lopez* shared "at most one single common circumstance—payment of a debt from the drug sale." *Id.* They did not arise "out of the same set of circumstances" because the kidnapping took place ten days after the drug sale, in a different place, with slightly different people, and involved a different set of events. *Id.*

As in *Lopez,* Adolfson's DWI conviction and controlled-substance offense involve at most one common circumstance—they were discovered during the same traffic stop. Possession of a controlled substance is "a continuing offense" that "is complete when the offender takes possession of the prohibited item." *State v. Bakken*, 883 N.W.2d 264, 270 (Minn. 2016). We do not know when or under what circumstances Adolfson took possession of the marijuana, but the mere fact that the marijuana was in his possession when he was driving while impaired by alcohol does not mean that the two offenses arose "out of the same set of circumstances."

The DWI offense was the result of Adolfson choosing to drink six or seven beers and drive his vehicle. It in no way involved the use or possession of marijuana. Similarly, the controlled-substance offense arose from Adolfson's possession of marijuana, which had no connection to Adolfson's consumption of alcohol and decision to drive.

Adolfson was charged with a second DWI for driving while under the influence of a combination of any two or more elements of alcohol, a controlled substance, or a

hazardous substance. *See* Minn. Stat. § 169A.20, subd. 1(4) (2014) (setting forth the elements of this offense). Presumably this charge related to Adolfson's alcohol and marijuana use. But Adolfson did not admit to and was not convicted of this offense. He was convicted only of the alcohol-related DWI.

The controlled-substance offense and DWI conviction did not arise "out of the same set of circumstances." While the two offenses were discovered at approximately the same time, no circumstances connect the actual commission of the crimes. The district court did not err by denying the state's motion to require Adolfson to provide a biological specimen for DNA analysis.

**Affirmed.**